496 F.Supp. 132 (1980)
James CLARK, d/b/a Jim's Service Center, Plaintiff,
v.
MOBIL OIL CORPORATION, Defendant.
No. 80-629C (B)
United States District Court, E. D. Missouri, E. D.
August 4, 1980.
*133 James K. Oppenheimer, Koenigsdorf, Kusnetzky & Wyrsch, Kansas City, Mo., George A. Dorsey, Clayton, Mo., for plaintiff.
John H. Quinn, III, St. Louis, Mo., for defendant.

JUDGMENT
REGAN, District Judge.
The Court having this day entered its MEMORANDUM herein, NOW THEREFORE, in accordance therewith and for the reasons therein stated, IT IS HEREBY ORDERED and ADJUDGED
1. That defendant be and it is hereby enjoined and restrained from terminating and failing to renew the franchise relationship between plaintiff and defendant pursuant to its Notice of Nonrenewal dated February 7, 1980.
2. That the franchise relationship between plaintiff and defendant be continued and remain in effect without prejudice to the rights of defendant pursuant to 15 U.S.C. Section 2802 with respect to the non-renewal of franchise relationships and the termination of franchises.
3. That plaintiff's claims for actual and punitive damages and for attorney's fees be and the same are hereby dismissed.
*134 4. That defendant's counterclaim be and the same is hereby dismissed.

MEMORANDUM
In this action, tried to the Court, plaintiff, the operator of a Mobil Gasoline Service Station, seeks injunctive relief to prevent defendant from terminating or nonrenewing his one-year trial franchise, as well as damages. Defendant has counterclaimed for ejectment. By agreement of the parties, plaintiff has remained in possession of the filling station premises, and plaintiff's operation of the station under the provisions of the franchise has been continued pursuant to a temporary restraining order.
After successfully completing a three-week course of instruction in defendant's dealer training school, plaintiff was granted a one-year trial franchise beginning May 14, 1979 and ending May 13, 1980. Thereafter, under date of February 7, 1980, defendant mailed to plaintiff by certified mail, a notice that defendant "hereby elects not to renew its franchise relationship with (plaintiff) and that relationship will terminate on May 13, 1980." The issue is whether this notice effectively served to terminate plaintiff's franchise relationship as of May 13, 1980. The resolution of this issue is dependent in large part upon the application and construction of Title I of the Petroleum Marketing Practices Act (PMPA).
That the franchise in question was a "trial franchise" as defined in the PMPA is not in dispute. Plaintiff was fully aware that he was being given only a trial franchise which was subject to defendant's right to nonrenew by giving plaintiff notice "of its intention to renew in accordance with Section 104 (15 U.S.C. § 2804) of the Petroleum Marketing Practices Act. He was also aware that the provisions of 15 U.S.C., Section 2802 "limiting the right of a franchisor to fail to renew a franchise relationship are not applicable to the Trial Franchise." Inter alia, Section 2802 permits a franchisor to terminate a franchise relationship only upon certain grounds specified therein, none of which are here applicable.
Section 2803 provides that "(i)f the notification requirements of Section 2804 . . are met" the franchisor may fail to renew the franchise relationship under a trial franchise at the conclusion of the initial term thereof. Section 2804(c)(3) mandates that the notification of nonrenewal "shall contain . . . a statement of intention to terminate the franchise or not to renew the franchise relationship, together with the reasons therefor.
The notice which defendant gave to plaintiff in this case stated, "The reason or reasons for our nonrenewal decision are that Mobil has determined that it does not wish to continue its franchise relationship with you." In our judgment this is not a "reason" within the contemplation of the law. Rather, it is a statement of the result of defendant's unstated reason or reasons for nonrenewal.
Obviously, the so-called "reason" provides no information whatever to the franchisee which he would not know from the mere fact alone that he had been notified that the franchise was not renewed. A determination adverse to continuing the franchise relationship would necessarily be made in every case prior to serving a notice of nonrenewal. What the statute mandates is that the franchisor include in his notice the reason or reasons which impelled him to decide not to renew the relationship. To construe the statute otherwise would be to render meaningless and without purpose the requirement that the notice state the reasons for the nonrenewal. We cannot convict the Congress of enacting a useless provision.
The notice in question wholly fails to provide any reason and so does not conform to the notification requirements of Section 2804(c). And since the statute explicitly permits a franchisor to fail to renew a trial franchise only if the notification requirements of section 2804 have been met, it follows that plaintiff is entitled to relief. See Wojciechowski v. Amoco Oil Co., 483 F.Supp. 109, D.C.Wis.1980. It also follows from our finding for plaintiff on his claim that defendant may not recover on its counterclaim *135 for possession of the filling station premises.
Before considering the nature of the relief to be accorded plaintiff, we rule other contentions made by plaintiff, in particular (1) that the PMPA has not preempted Missouri common law relating to termination of franchises and (2) that defendant's "Dealer Relations Policy" and its "How Review System Works to Protect Mobil Dealers", together with statements made by defendant's representatives in relation thereto precluded termination of his trial franchise.
Section 2806 of the PMPA provides that no state may adopt, enforce or continue in effect any law or regulation with respect to termination or nonrenewal of any franchise relationship which differs from the applicable provisions of the PMPA. Missouri follows the common law rule that even though a principal has the right to terminate an agency relationship at will, if it does so before the agent has the opportunity to recoup the benefit of his work, labor and expenses, the principal will be liable for that portion of the agent's investment of labor and expenses he has not had a reasonable opportunity to recoup. See e. g. Gibbs v. Bardahl Oil Company, 331 S.W.2d 614 (Mo.1960).
It must not be overlooked that even if this common-law principle is otherwise applicable, it does not bar the franchisor from terminating a franchise relationship under the terms of the contract. It simply makes him liable in damages to the extent the franchisee has not been afforded an opportunity to recoup his investment. However, plaintiff has made no showing that he will be unable to recoup his investment.[1] Moreover, plaintiff has made a very substantial profit in operating the station,[2] so that plaintiff has already recouped his investment of time and labor. In addition, plaintiff was aware at all times that his trial franchise would expire by its terms in one year absent the requirement of the PMPA that a 90-day notice of renewal be given, so that if the notice of nonrenewal was valid, he would not be entitled to continue the franchise relationship.
We turn next to the documents and representations allegedly affecting defendant's right to refuse to renew the franchise relationship. We have no doubt that if in fact defendant made representations, oral or written, or both, respecting the future exercise of its right to terminate the relationship, on the faith of which plaintiff entered into the relationship, then defendant is bound thereby, even if the requirements of the PMPA for termination or nonrenewal are less stringent than such representations.
Defendant's "Dealer Relations Policy" was given to plaintiff at the training school. It states that before any decision is made by defendant not to renew the relationship, a formal Lease Review Panel consisting of five levels of management must review the dealer's case for renewal wherever requested. And the related document entitled "How Lease Review System Works to Protect Mobil Dealers", which was handed to plaintiff during the session at which he executed the franchise papers, amplifies the foregoing, stating, inter alia, that "(t)o provide additional assurance that each nonrenewal is handled on a fair and equitable basis, a Lease Review Panel at the Region level will meet with the dealer when requested by him to review his case for renewal." We find that neither of these documents constituted a part of the franchise contract.
The evidence demonstrates that plaintiff had already signed the franchise documents before he was given the sheet entitled "How Lease Review System Works to Protect Mobil Dealers", and in view of plaintiff's testimony that he was not aware of Mobil's policy described therein at the time he signed the station lease agreement, *136 we cannot hold that plaintiff relied thereon in entering into the franchise relationship. This conclusion is equally applicable to the statements of defendant's representative in relation to such policy, namely, that under said policy, defendant would need strong and stiff reasons not to review the franchise. Hence, defendant's refusal to convene a lease review panel does not accord plaintiff any enforceable legal rights.
The Court having found that the notification requirements of Section 2804 as incorporated in Section 2803 were not met, it follows that defendant had no right to fail to renew plaintiff's trial franchise, and so, whatever may have been the actual reasons impelling defendant to terminate the trial relationship, it may not now rely thereon to justify its action. We make no ruling concerning the adequacy or sufficiency of defendant's reasons as stated in the trial of this action, had such reasons been set forth in the notice of renewal. It is, however, clear that inasmuch as the provisions of Section 2803 do not apply to the nonrenewal of a franchise relationship under a trial franchise, the reasons for nonrenewal are not limited to the grounds upon which other franchises may be terminated or nonrenewed.
Section 2805 provides that if a franchisor fails to comply with the requirements of Section 2803, and the franchisee timely brings an action based on such failure, the Court shall grant such equitable relief as is necessary to remedy the effects of such failure. In the circumstances of this case, we deem it necessary to compel defendant to continue its franchise relationship with plaintiff subject to defendant's right to terminate the franchise for cause and only upon grounds set forth in Section 2802. It is to be noted that Section 2803 provides that if the notification requirements are met, the franchisor may fail to renew the franchise relationship at the conclusion of the initial term of the trial franchise. Once that term elapses, Section 2803 no longer is applicable.
We find that inasmuch as plaintiff has continued to operate the filling station, he has sustained no actual damages other than nominal. We further find that although defendant's conduct in relation to the notice of nonrenewal was violative of the requirements of Section 2803, it was not in willful disregard thereof, and so we do not deem that an award of punitive damages is appropriate. Section 2805(d)(1)(C) provides for an award of attorney's fees to be paid by the franchisor if more than nominal damages are assessed. If only nominal damages are awarded, the Court in its discretion need not direct that such fees be paid by the franchisor. We have concluded in the exercise of our discretion not to require defendant to pay plaintiff's attorney's fees.
The foregoing MEMORANDUM constitutes our findings of fact and conclusions of law. A judgment in accordance herewith will be entered.
NOTES
[1] He testified that if the termination is effective, he will not be able to dispose of equipment for which he paid $5,000, except for a relatively small sum. However, this would be true without regard to the length of his franchise relationship.
[2] Plaintiff make a profit of over $36,000 in his first 7½ months of operation.