503 F.Supp. 213 (1980)
William NOE, d/b/a Bill's Service Center, Plaintiff,
v.
MOBIL OIL CORPORATION, Defendant.
No. 80-628-C(3).
United States District Court, E. D. Missouri, E. D.
December 12, 1980.
*214 James K. Oppenheimer & James Wyrsch, Kansas City, Mo., George Dorsey, Clayton, Mo., for plaintiff.
John H. Quinn, St. Louis, Mo., for defendant.

MEMORANDUM
FILIPPINE, District Judge.
Plaintiff brings the instant action for injunctive relief and for damages due to defendant's attempt to terminate plaintiff's trial franchise agreement with defendant. The defendant has counterclaimed for damages and for ejectment. By agreement of the parties, a temporary restraining order has continued in effect until the date of this judgment, and the hearing on plaintiff's motion for a preliminary injunction has been consolidated with the trial on the merits.
The Court hereby enters the following findings of fact and conclusions of law in compliance with Fed.R.Civ.P. 52:

FINDINGS OF FACT
Plaintiff is a citizen and resident of the State of Missouri. Defendant Mobil Oil Corporation (Mobil) is a corporation organized under the laws of the State of New York with its principal place of business in that State.
In February, 1979, plaintiff, who owned and operated a used car sales business, began discussions with William Burch, a marketing representative for defendant, concerning plaintiff's desire to become a Mobil dealer. Plaintiff was informed that he would have to attend a Mobil Dealer's Training School in order to become a dealer. Plaintiff subsequently successfully completed the required training program at Brentwood, Missouri.
A few days later, on May 14, 1979, plaintiff and defendant entered into a one-year written trial franchise for the lease and operation by plaintiff of defendant's service *215 station at 3166 Ashby Road, St. Ann, Missouri. A letter constituting a part of the written agreement clearly indicated that the agreement was a "trial franchise," that the duration of the franchise was from May 14, 1979, to May 13, 1980, that the defendant could fail to renew the franchise by notification in accordance with Section 104 of the Petroleum Marketing Practices Act (Act), 15 U.S.C. § 2804, and that the provisions of § 102 of the Act, 15 U.S.C. § 2802, were not applicable to the franchise. Among the numerous documents which plaintiff received on May 14 were a "Mobil Dealer Relations Policy" pamphlet (Policy pamphlet) and a one-page document entitled "How Lease Review System Works to Protect Mobil Dealers." Plaintiff signed a receipt for the former document and signed the latter document itself.
Paragraph 12 of the Policy pamphlet provides:
Before any decision is made not to renew a dealer's lease, the proposed nonrenewal is automatically reviewed by various levels of management, depending on the number of years the dealer has been a Mobil dealer. Should a non-renewal decision be made, a formal Lease Review Panel  consisting of five levels of Mobil management must review the dealer's case for renewal whenever requested.
The one-page document contains a similar provision. However, plaintiff did not establish that he paid any particular attention to any of the provisions of these documents or that he relied on any of them in signing the other documents on May 14.
Plaintiff took possession of the defendant's service station pursuant to the franchise agreement, and operated it as such.
On February 7, 1980, the defendant's District Manager W. S. McAndrew sent to the plaintiff a certified letter headed "Notice of Non-Renewal of Franchise Relationship (Trial Franchise)." The letter stated in part:
Please take notice that Mobil Oil Corporation hereby elects not to renew its franchise relationship with you, and that relationship will terminate on May 13, 1980, the same date upon which our agreements with you will also terminate.
The reason or reasons for our nonrenewal decision are that Mobil has determined that it does not wish to continue its franchise relationship with you.
After receiving the letter, plaintiff asked Mr. Burch some time in February of 1980 why his lease was being terminated. Mr. Burch told plaintiff that he did not know. Plaintiff subsequently employed a law firm which sent defendant a letter, dated March 13, 1980, stating inter alia, that plaintiff was demanding a review at the regional level of defendant's decision not to renew his lease.
When plaintiff took over the defendant's service station, he spent approximately $5,000.00 to purchase the equipment and stock of the prior proprietor. He also purchased the "gasoline in the ground," which cost approximately $9,800.00. In addition, he was required to put up a $5,000.00 security deposit with Mobil, and he purchased a garage insurance policy for $500.00. However, plaintiff testified that the equipment can be resold, that the gasoline has been resold, and that he can recover the security deposit. Plaintiff's bookkeeper and accountant testified that in the eleven months prior to April 30, 1980, plaintiff made a profit of $13,650.00 from the service station. (In the same period plaintiff also made a profit of $5,000.00 from his used car business, which he continued to operate.)

CONCLUSIONS OF LAW
The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332 and 15 U.S.C. § 2805.
A situation almost identical to that of the case at bar was presented by James Clark v. Mobil Oil Corporation, 496 F.Supp. 132 (E.D.Mo.1980; on motion for reconsideration, September 5, 1980). In James Clark, The Honorable John K. Regan determined that the notice sent by Mobil to the plaintiff in that case did not satisfy the requirement *216 of 15 U.S.C. § 2804(c)[*] that the notification of nonrenewal of a trial franchise contain a statement of reasons for the decision not to renew. Judge Regan reasoned that the notice to Mr. Clark, which was identical in relevant part to that sent to the instant plaintiff, merely stated the result of defendant's reasons, and that the purported "reason" for nonrenewal provided no information whatsoever to the franchisee which would not have been provided by the bald statement that the franchise was not to be renewed.
This Court finds Judge Regan's reasoning most persuasive, and this Court also holds that the notice provided by the defendant did not fulfill the requirement of § 2804(c) that a reason for nonrenewal be provided. Because the required notice must be furnished not less than 90 days prior to the date of nonrenewal, and the proposed termination date has long since passed, it follows that the defendant is precluded from nonrenewing plaintiff's franchise pursuant to § 2803(c). Defendant thus will be enjoined from terminating the plaintiff's trial franchise pursuant to the notice sent on February 7, 1980; however, such injunction will be without prejudice to defendant's right to terminate or fail to renew the franchise relationship pursuant to 15 U.S.C. § 2802.
Plaintiff has made two other contentions similar to those made by plaintiff in James Clark, and the Court finds Judge Regan's opinion persuasive on those points as well, and applicable to the instant case despite slight factual differences in the two cases. First, assuming without deciding, that Missouri common law has not been preempted by the Act, plaintiff has made no showing that he could recover under cases such as Gibbs v. Bardahl Oil Company, 331 S.W.2d 614 (Mo.1960), because plaintiff did derive substantial profit from the station and his initial expenses have been or will be recovered. Second, because plaintiff did not establish that he relied on the provisions of the Policy pamphlet or the similar one-page document which he received on May 14, in entering into the franchise relationship, defendant is not bound by the representations contained therein.
Turning to the plaintiff's prayers for monetary relief, there was no evidence that plaintiff suffered any actual damages from defendant's attempt to terminate his trial franchise, and hence plaintiff's prayer for actual damages will be denied. Plaintiff's prayer for punitive damages will also be denied because the Court cannot say that the defendant's actions manifested a "willful disregard" of the requirements of § 2802 or § 2803 or plaintiff's rights thereunder. Section 2805(d)(1)(B). The Court will also not require the defendant to pay the plaintiff's attorney's fees, as the plaintiff has not recovered actual or punitive damages. Section 2805(d)(1)(C).
*217 It follows from the foregoing that defendant's counterclaim for ejectment and damages must be denied and dismissed.
NOTES
[*] Section 2804 provides in pertinent part as follows:

Notification of termination or nonrenewal of franchise relationship  General requirements applicable to franchisor
(a) Prior to termination of any franchise or nonrenewal of any franchise relationship, the franchisor shall furnish notification of such termination or such nonrenewal to the franchisee who is a party to such franchise or such franchise relationship 
(1) in the manner described in subsection (c) of this section; and
(2) except as provided in subsection (b) of this section, not less than 90 days prior to the date on which such termination or nonrenewal takes effect.
* * * * * *
Manner and form of notification
(c) Notification under this section 
(1) shall be in writing;
(2) shall be posted by certified mail or personally delivered to the franchisee; and
(3) shall contain 
(A) a statement of intention to terminate the franchise or not to renew the franchise relationship, together with the reasons therefor;
(B) the date on which such termination or nonrenewal takes effect; and
(C) the summary statement prepared under subsection (d) of this section.
The agreement between the plaintiff and the defendant constituted a "trial franchise" within the meaning of § 2803(b) and hence the requirements of § 2804 were applicable to defendant's attempt to terminate its franchise relationship with plaintiff, by virtue of § 2803(c)(1).