**Michael DRAKE and Terry McQuade**

v.

**Ronald PERRIN, Individually and as a Police Officer of the City of Phila., Richard Roe, Individually and as a Police Officer of the City of Phila., Morton B. Solomon, Individually and as Police Commissioner of the City of Phila., City of Philadelphia and David Brown, Individually and as a Police Officer of the City of Philadelphia.**

Civ. A. No. 83–602.

United States District Court,
E.D. Pennsylvania.

Sept. 20, 1984.

Hope Lefeber, Philadelphia, Pa., for plaintiffs.

Thomas Sprague, Asst. City Sol., Philadelphia, Pa., for defendants.

## OPINION

JOSEPH S. LORD, III, Senior District Judge.

This is a petition seeking counsel fees under 42 U.S.C. § 1988. To understand the basis of my ruling which follows, an understanding of the underlying facts is necessary.

On the evening of April 23, 1982, the defendants Officers Perrin and Brown stopped plaintiff on suspicion of drunken driving and later arrested him on that charge. Plaintiff alleged that the two defendants used excessive force in effecting the arrest and further, that they stood by and failed to prevent violence by other police arriving on the scene. Plaintiff originally joined as defendants the Police Commissioner and the City of Philadelphia, both of whom were dismissed before trial.

Plaintiff was unable to identify either Officer Perrin or Officer Brown as having actively inflicted any brutality. Accordingly, I directed a verdict for them. The jury found in favor of defendants on the charge of failing to prevent brutality by other officers. On the false arrest and false imprisonment charges, the jury found for plaintiff in the amount of $1.00 for each of the two offenses.

Counsel have submitted a request for a total of $14,713.50 in counsel fees and $1,243.57 in costs.

The liminal inquiry is whether plaintiff was a "prevailing party." In *Hughes v. Repko*, 578 F.2d 483 (3d Cir.1978), the court said, at page 487:

... a prevailing party on a particular claim is one who fairly can be found by the district court to have essentially succeeded on such claim, as "claim" is used in Fed.R.Civ.P. 10(b). ... The application of the "essentially successful" standard normally is left, of course, to the sound exercise of discretion by the district court in the first instance.

I must confess to a modicum of doubt on a practical basis as to whether a plaintiff who seeks only money damages and who obtains a verdict of $1.00 can be said to have "essentially succeeded". I know that if I were the plaintiff's lawyer in such a case, I would consider that I had failed miserably, at least in a pragmatic sense. However, I am now convinced that a "prevailing party" under § 1988 is one who prevailed in a legal sense, if not under a practical interpretation.

In *Hensley et al. v. Eckerhart et al.*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), the Court said, at 433, 103 S.Ct. at 1939:

A plaintiff must be a "prevailing party" to recover an attorney's fee under § 1988. The standard for making this threshold determination has been framed in various ways. A typical formulation is that "plaintiffs may be considered 'prevailing parties' for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Nadeau v. Helgemoe*, 581 F.2d 275, 278–279 (CA1, 1978). This is a generous formulation that brings the plaintiff only across the statutory threshold. It remains for the district court to determine what fee is "reasonable."

This language admittedly does little to dispel the practical doubts that I entertain, but I think the breadth of the "prevailing party" concept is indicated by the Court's characterization of it as a "generous formulation." From this, I take it that when a plaintiff obtains a verdict, no matter how minimal, the plaintiff has prevailed. It then falls within the ambit of the trial

judge's discretion to determine the amount of the fee. "In exercising this discretion, however, a district court is not without guidance." *Milwe v. Cavuoto, et al.,* 653 F.2d 80, 82 (2d Cir.1981). That guidance is now authoritatively explicated in *Hensley v. Eckerhart, supra.*

■ The starting point is the number of hours reasonably expended multiplied by a reasonable rate. *Hensley, supra. Id.* 461 U.S. at 433, 103 S.Ct. at 1939. In *Hensley, supra,* the Court said, at 433, 103 S.Ct. at 1939:

> The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly.

Counsel has here submitted an affidavit claiming a total of 154.10 hours. The documentation, however, is far from adequate.

1. *Lumping of services.* In many instances counsel has lumped together under a single claim for hours, a number of different activities so that it is impossible to determine how much time was allocated to each item. This confusion becomes critical because some of the items are not allowable as either unreasonable or duplicative. A few examples will suffice. On January 5, 1984, counsel claims 2 hours for review and digest of deposition of Michael Drake. On February 19, the claim is:

> Preparation for trial; review Answers to four sets of interrogatories, cross-indexing two depositions, *review and digest of depositions of Michael Drake*—4 hours (Emphasis mine).

On March 14, 1984, the claim is:

> Preparation of direct examination of Michael Drake, Mrs. Drake; *Review of depositions of Michael Drake* and Terry McQuade; research re: qualified immunity defense—7 hours (Emphasis mine)

These examples are repeated throughout the affidavit. Obviously, some of the items are either duplicative, unreasonable or both. Thus, 2 hours are claimed for reviewing plaintiff's deposition on January 5; 4 hours for the same activity, along with others, and 7 hours for this same work on March 14. It is impossible for me to ascertain how much of that time was duplicative and unnecessary. Certainly, 13 hours would be totally unreasonable for reviewing one deposition.

Again, on March 14, "research re: qualified immunity defense" is claimed (7 hours), with a repetition of the same legal point for 4.5 hours on March 15, for a total of 11.5 hours. I consider this grossly excessive.

Out of fifty itemized claims for counsel fee, twenty-five consist of a combination of several activities with only one hourly claim for all services mentioned. It is plainly impossible for me to separate the proper from the improper claim. In *Hughes v. Repko,* 578 F.2d 483 (3d Cir. 1978), the court said, at page 487:

> Consequently, an unanalyzed allocation of hours will not be permissible in arriving at the lodestar.

I consider this so-called documentation inadequate and will disallow all of those unanalyzed allocation of hours. The total number disallowed is 88.25 hours.

2. *Duplication.* March 22, 1984: Preparation of cross-examination of defense witnesses—2 hours. This had already been done on March 17 and again on March 29 and May 6. I disallow this claim.

In sum, because "the documentation of hours is inadequate", *Hensley, supra,* I shall disallow a total of 90.25 hours, leaving an allowable basis of 64 hours. Since I consider $85.00 per hour to be reasonable, the lodestar is therefore 64 × $85, or $5,440.00.

■ The product of reasonable hours times a reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." *Hensley* 461 U.S. at 434, 103 S.Ct. at 1940. Indeed, the degree of success has been held by the Supreme Court to be "the most critical factor". *Id. See also*

*Ursic v. Bethlehem Mines,* 719 F.2d 670, 677 (3d Cir.1983).

The application of that critical factor here leads ineluctably to the conclusion that the lodestar should be drastically reduced. I recognize that

> ... an individual damage action to redress instances of police misconduct is often the only tool reasonably available to vindicate society's interest in ensuring that those who enforce the law also abide by it.

*Milwe v. Cavuoto, et al.,* 653 F.2d 80, 84 (2d Cir.1981).

In this case, however, the result is more likely to encourage police misconduct than to deter it. Plaintiff sought no injunctive relief, but only money damages. The results were disasterous to him and a practical victory for the police. Faced with a total award of only $2.00 for false arrest and false imprisonment, police are likely to arrest on much less evidence of drunkenness than if a substantial verdict had been returned. Thus, the benefit to plaintiff was almost invisible and the ends of society were served only minimally, if at all. Any substantial award of counsel fees here would not serve the purposes of 42 U.S.C. § 1983, but would be no more than a windfall to counsel.

■ The meagerness of the verdict can be accounted for in part by the failure of counsel properly to present plaintiff's case. The mere violation of a constitutional right without more will allow for nominal damages only, although provable consequential damages are fully compensable. *Carey v. Piphus,* 435 U.S. 247, 98 S.Ct. 1042, 55 L.Ed.2d 252 (1978). In this case, no testimony was elicited as to the mental or physical effects of the arrest and imprisonment. There was no evidence that plaintiff was emotionally disturbed or that he suffered any troublesome after effects. In view of the way the case was presented, the jury had nothing on which to base compensatory damages.

■ In essence, this case involved only the simple state torts of assault and battery and false imprisonment. The fact that it was dressed in the clothing of § 1983 added nothing to its complexity or its impact. It established no new or profound constitutional principles. Its vindication of civil rights is little more, if any, than that of a state court verdict under purely state claims. The results would be identical. It must be remembered that even though, in light of the verdict for plaintiff, plaintiff has "succeeded", it is the *"extent of a plaintiff's success"* that *"is a crucial factor"* in determining the fee. *Hensley, supra* at 461 U.S. 439, 103 S.Ct. 1942. (Emphasis added). In light of this analysis, and considering that the extent of the plaintiff's success was a $2.00 verdict, consider a reasonable fee to be one hundred times the verdict, or $200.00.

■ Plaintiff also seeks costs in addition to counsel fees. I disallow the claims for $75.60 for photocopying and $2.58 for supplies, since those are not permissible under 28 U.S.C. § 1920. *Vecchione v. Wohlgemuth, et al.,* 481 F.Supp. 776 (E.D. Pa.1979). That section does allow witness fees, and while the fees of experts are normally not recoverable, reasonable expert fees will be allowed "if the district court concludes that expert testimony was reasonably necessary." *Ramos v. Lamm,* 713 F.2d 546, 559 (10th Cir.1983). I find that the testimony of Dr. Rogers was reasonably necessary, but that the fee claimed is unreasonable under the circumstances. I will therefore allow $250 for expert fees plus $265 for the cost of a trial *de novo,* a total of $515.00.

■ There is also a claim by Jodi Greenspan, Esq. for attorney's fees and costs. This case originally went to arbitration and plaintiff lost. Ms. Greenspan represented plaintiff in that proceeding. As she did not prevail, I will allow only the 8 hours claimed for depositions, since these were needed at the jury trial. Although the 8 hours were expended on depositions that were utilized at the trial, the paucity of plaintiff's damages must have the same impact on Ms. Greenspan's award as it had on Ms. Lefeber's award. Since Ms. Lefe-

ber was awarded Two hundred ($200.00) Dollars for 64 hours of reasonably necessary work, Ms. Greenspan will be awarded one-eighth of that amount, or Twenty-five ($25.00) Dollars for 8 hours of reasonably necessary work. I will also allow costs for filing the complaint ($30.00), the deposition transcript ($256.52), and the hospital records ($8.00). I therefore allow Ms. Greenspan costs totalling $294.52.