700 P.2d 881

**James MORAN, as father to his minor son, Michael Moran, and guardian to his adult son, Thomas Moran; Karen Barke, in and for herself and her minor daughter, Tina Barke, Plaintiffs/Appellants,**

**v.**

**PIMA COUNTY, a body politic, organized under the laws of the State of Arizona; Pima County Sheriff Clarence Dupnik, in his capacity as Pima County Sheriff; Sgt. Tony Callan, individually and as a Sheriff's Deputy; and Deputy Tim Hughes, individually and as a Sheriff's Deputy, Defendants/Appellees.**

No. 2 CA–CIV 5009.

Court of Appeals of Arizona, Division 2.

Jan. 2, 1985.

Review Denied March 19, 1985.

Stompoly & Even, P.C. by David L. Horley, Tucson, for plaintiffs/appellants.

Stephen D. Neely, Pima Co. Atty. by David L. Berkman and Tom Dugal, Tucson, for defendants/appellees.

OPINION

BIRDSALL, Chief Judge.

The appellant, James Moran as guardian of his minor son, Michael Moran, appeals from the trial court's denial of his request for attorney fees. The complaint in the trial court alleged violations of Michael's civil rights by deputies of the Pima County Sheriff. 42 U.S.C. § 1988 provides generally that in a civil rights action,

"the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee as part of the costs."

The parties agree that that federal statute is applicable in this state court proceeding. See *Thiboutot v. State*, 405 A.2d 230 (Me. 1979), aff'd, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). However, the appellant contends the denial of fees was an abuse of discretion. As a subissue he contends the trial court erred in failing to enumerate the reasons for its decision. The appellant seeks to have the case remanded with a direction to award reasonable fees. We affirm. ·

The civil rights violation occurred when the deputies mistakenly arrested Michael at a miniature golf course in Tucson. Three other persons who were with Michael at the time were also plaintiffs in the superior court. All were represented by the same counsel. The case was tried to a jury. The jury returned a compensatory damage verdict in favor of Michael in the amount of $500. No other plaintiff recovered and no punitive damages were awarded. This appeal was taken by all of the plaintiffs but since the only issue presented is the denial of fees and the other plaintiffs were not prevailing parties, we dismiss the appeal as to all the appellants except Michael.

Attorney fees were requested in the complaint and after the verdict was returned the appellant moved for an evidentiary hearing to determine the amount of attorney fees to be awarded. The written motion was filed with an accompanying legal memorandum. The appellees opposed the allowance of any fees and also submitted a memorandum. The trial court denied the motion for a hearing and denied any fees. Subsequently the appellant filed a written offer of proof reflecting attorney fees for services for all plaintiffs in the amount of $13,104.90. The affidavit of appellant's counsel, included in the offer, averred that 90 percent of the time charged was for Michael. The offer also contained an affidavit of attorney Elliot Glicksman in support of the reasonableness of the amount of the requested fees of over $13,000.

■ Although the trial court articulated no reason for the ruling, we believe obvious reasons appear in the record. First and foremost is the amount of the damage award. At best this was a moral and pyrrhic victory only. In *Huntley v. Community School Board of Brooklyn, New York District No. 14*, 579 F.2d 738 (2d Cir.1978), the federal court held that there was no abuse of discretion in the conclusion of the trial judge that appellant had at most won a "moral victory" of insufficient magnitude to warrant an award under § 1988. The award in *Huntley* was $100. Other federal decisions reach this same result. See *New York City Unemployed and Welfare Council v. Brezenoff*, 742 F.2d 718 (2nd Cir.1984); *Drake v. Perrin*, 593 F.Supp. 1176 (E.D.Pa.1984). We find the *Huntley* holding most appropriate in the instant case where the award is only $500. See also *Naprstek v. Norwich*, 433 F.Supp. 1369 (N.D.N.Y.1977).

It has always been proper to consider the amount involved and the results obtained in determining the reasonableness of the amount of attorney fees. *Schwartz v. Schwerin*, 85 Ariz. 242, 336 P.2d 144 (1959). These same factors have been included in guidelines expressed by the court in civil rights litigation. Indeed the United States Supreme Court has held that the degree of success obtained is the most critical factor in determining a fee award in civil rights litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). And see *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974). We also believe the results in the trial of this case constitute a special circumstance justifying denial of any award. See *Northcross v. Board of Education of the Memphis City Schools*, 611 F.2d 624 (6th Cir. 1979), cert. denied, 447 U.S. 911, 100 S.Ct. 2999, 64 L.Ed.2d 862 (1980).

For all we know from the record on appeal, this case was nothing more than a case of false arrest and simple assault

dressed in 1983 clothing.[1] Although it fit within civil rights litigation, the result obtained is identical to a verdict in a tort claim for false arrest and simple assault except for the possible allowance of attorney fees. We believe this is another fact the trial court could have properly considered in denying fees. See *Drake v. Perrin,* supra.

The trial court's determination regarding an award under § 1988 will not be disturbed absent a clear abuse of discretion. *Hensley v. Eckerhart,* supra; see also *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67 (9th Cir.1975), cert. denied, 425 U.S. 951, 96 S.Ct. 1726, 48 L.Ed.2d 195 sub nom. *Perkins v. Screen Extras Guild, Inc.* (1976); *Twentieth Century Fox Film Corp. v. Goldwyn,* 328 F.2d 190 (9th Cir.), cert. denied, 379 U.S. 880, 85 S.Ct. 143, 13 L.Ed.2d 87 (1964). We find no such abuse of discretion in the instant case where only one of four plaintiffs won and he was given only a nominal award. It was within the court's discretion to deny any fee.

■ The trial court did not need to hear further evidence and the lack of an evidentiary hearing has not hampered our review of this record because of the memoranda and offer of proof filed in the trial court.

■ However, the trial court should have stated the reasons for the denial of fees. The federal cases interpreting § 1988 require that this be done. In *Hensley v. Eckerhart,* supra, the Supreme Court said it is important for the district court to provide a concise but clear explanation of its reasons for the fee award. Since the federal statute is binding in this state court proceeding, we believe that the state courts should also adopt this requirement. We hold that in civil rights litigation where attorney fees are sought under 42 U.S.C. § 1988 the trial court must state the reasons for its decision on attorney fees. While the failure to explain the denial of fees in the instant case is error, we need not remand in view of the obvious explanation arising from the de minimus award.

Both parties have requested attorney fees on appeal. In our discretion we will not award any fees.

Affirmed.

HOWARD and HATHAWAY, JJ., concur.