No. 85–58.   MORAN, AS FATHER TO HIS MINOR SON, MORAN, ET AL. *v.* PIMA COUNTY ET AL.   Ct. App. Ariz.   Certiorari denied.

JUSTICE WHITE, dissenting.

Petitioner Moran filed this suit in Pima County Superior Court against respondents Pima County, Arizona, and various of its law enforcement officials.   In his complaint, Moran alleged unlawful arrest, detention, and excessive use of force and sought relief under 42 U. S. C. § 1981 and § 1983.   The case was tried to a jury, and the jury awarded Moran $500 in damages.   The Superior Court summarily denied Moran's motion for attorney's fees under 42 U. S. C. § 1988.   The Arizona Court of Appeals affirmed this denial, concluding in part that the "moral victory" that the verdict represented was not sufficient to warrant an award of attorney's fees under § 1988.   See 145 Ariz. 183, 184, 700 P. 2d 881, 882 (1985).   The Supreme Court of Arizona denied review.

The Arizona Court of Appeals' decision in this case is in accord with Circuit decisions that have held that a plaintiff receiving only nominal damages is not truly prevailing and is therefore not entitled to attorney's fees.   See, *e. g.*, *Fast* v. *School Dist. of City of Ladue*, 712 F. 2d 379, 380 (CA8 1983); *Huntley* v. *Community School Board of Brooklyn*, 579 F. 2d 738, 742 (CA2 1978).   This conclusion, however, has been rejected by other Circuits.   See *Skoda* v. *Fontani*, 646 F. 2d 1193, 1194 (CA7 1981) *(per curiam)*; *Burt* v. *Abel*, 585 F. 2d 613, 617–618 (CA4 1978).   I would grant certiorari to resolve this conflict.

No. 85–100.   MICHIGAN *v.* BLACKBURN.   Ct. App. Mich.   Certiorari denied.   THE CHIEF JUSTICE and JUSTICE WHITE would grant certiorari.

No. 85–5448.   WHITLEY *v.* BAIR, WARDEN.   Sup. Ct. Va.   Certiorari denied.

JUSTICE BRENNAN and JUSTICE MARSHALL, dissenting.

Adhering to our views that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227, 231 (1976), we would grant certiorari and vacate the death sentence in this case.