**CONTINENTAL ENTERPRISES, INC., Plaintiff,**

v.

**The AMERICAN OIL COMPANY and Amoco Oil Company, Defendants.**

No. 85–0767–CV–W–3.

United States District Court, W.D. Missouri, W.D.

Feb. 10, 1986.

Gordon N. Myerson, Kansas City, Mo., for plaintiff.

William T. Smith, III, Kansas City, Mo., for defendants.

## OPINION AND ORDER GRANTING SUMMARY JUDGMENT

ELMO B. HUNTER, Senior District Judge.

Before the Court is defendant's motion to dismiss or for summary judgment on plaintiff's three-count complaint. The complaint, filed in state court on May 23, 1985, and removed to this court July 5, 1985, concerns a business relationship between the parties for the purpose of operating a service station ["gas dispensing Ride through Tunnel Car Wash"] in Independence, Missouri. Plaintiff states in the complaint that the parties entered several agreements in 1971 and in 1980, one of which was a lease by plaintiff to defendant of a lot located on Noland Road in Independence "for a term commencing on June 8, 1971, and for ten subsequent terms, effectively ... for a period of eleven years." Complaint, at 3. Plaintiff alleges that defendant "cancelled and failed to renew its lease" on June 7, 1980, constituting tortious interference with contract and breach of contract [Counts 1 and 2]. In Count 3, plaintiff alleges that it detrimentally relied on defendants' representation that it would be able to operate the service station for a period of eleven years and was thereby damaged. For relief, plaintiff seeks actual damages of $300,000 and punitive damages of $5,000,000.

The instant motion cites several defects in plaintiff's allegations, primarily focusing on the Petroleum Marketing Practices Act, 15 U.S.C. § 2801, et seq. [the Act], as a basis for dismissal of plaintiff's claims. The Act became law in 1978 and provides "minimum federal standards governing the termination and non-renewal" of franchise relationships between the distributors of petroleum products and the retailers who sell these products to the public. S.Rep. No. 95–731, 95th Con.2d Sess., reprinted in 1978 U.S.Code Cong. & Ad.News 873. The Act prohibits termination or non-renewal without proper grounds and notice, with strict time limitations "to preclude a franchisor from basing termination or non-renewal upon old and long forgotten events." *Id.*, at 892. The franchisee is also under a time constraint, as the Act imposes a one-year statute of limitations for civil suits against the franchisor. Section 2805(a) provides as follows:

> If a franchisor fails to comply with the requirements of section 2802 or 2803 of this title, the franchisee may maintain a civil action against such franchisor.... [N]o such action may be maintained unless commenced within 1 year after the later of—
>
> (1) the date of termination of the franchise or nonrenewal of the franchise relationship; or

(2) the date the franchisor fails to comply with the requirements of section 2802 or 2803 of this title.

Included in § 2802 are the acceptable grounds for termination or non-renewal of the franchise relationship, and § 2803 deals with trial and interim franchises which are not at issue here. The Act provides for preemption of state law in § 2806:

> [N]o State or any political subdivision thereof may adopt, enforce, or continue in effect any provision of any law or regulation (including any remedy or penalty ...) with respect to termination ... of any such franchise or to the nonrenewal ... of any such franchise relationship unless such provision of such law or regulation is the same as the applicable provision of this subchapter.

The Act therefore "preempts state laws to the extent that it applies to termination or nonrenewal," unless the state law is the same as the provision of the Act. CCH Bus.Franch.Guide ¶ 1550. Regarding potential conflicts in federal and state law, the Senate Report concluded that the courts must use equitable principles "to maximize attainment of the competing statutory objectves [sic] consistently with the supremacy clause of the Constitution and the purposes of the Federal legislation." 1978 Code Cong. & Ad.News at 901.

The question involved in this case is whether the Act applies to the claims made by plaintiff, thus invoking the one-year statute of limitations, or whether Missouri common law applies. The case law dealing with the Act is somewhat limited due to its recent enactment, and the subject of preemption in § 2806 has not been explored in detail by the courts. In support of its motion, defendant relies on district court cases from the Third and Fourth Circuits. Plaintiff opposes the motion primarily on the basis of two cases, *Clark v. Mobil Oil Co.*, 496 F.Supp. 132 (E.D.Mo.1980), and *Bsales v. Texaco, Inc.*, 516 F.Supp. 655 (D.N.J.1981). An examination of the cases, the statute, and the legislative history leads the Court to agree with defendant that the Act is applicable to the claims made by plaintiff in this case.

Defendant relies most heavily on the case of *Huth v. B.P. Oil, Inc.*, 555 F.Supp. 191, 193 (D.Md.1983), which involved both the preemption and statute of limitations provisions of the Act. Plaintiffs sued defendant following termination of their retail gasoline dealership, alleging Maryland common law breach of contract and fraud claims. Under the Maryland statute of limitations, plaintiffs would have had at least three years within which to bring suit. The court found, however, that § 2806 covered both common law remedies as well as common law rights, and the court therefore ruled that the state's statute of limitations conflicted with the Act's provision of a one-year limitations period and was unavailable as a remedy. The remaining cases cited by defendant contain conclusory statements but little insight into the breadth of the statute's preemption provision. The cases are not quite on point, as the claims presented therein generally were brought under both the Act and state law, and the Act's statute of limitations was not the instrument of dismissal. An examination of thoses cases is nevertheless helpful in defining the scope of § 2806 in preempting state law.

In *Siecko v. Amerada Hess Corp.*, 569 F.Supp. 768, 773 (E.D.Pa.1983), the court ruled that the Act expressly preempted the common law "in this field" and dismissed plaintiffs' common law claim for breach of fiduciary duty. In *Estate of Mamourian*, CCH Bus.Franch.Guide ¶ 8093, 8094 (D.N.J.1983), the court stated in a memorandum opinion that "PMPA preempts the law in this field. Thus, plaintiff may not maintain her common law actions for breach of contract, tortious interference with economic advantage or unjust enrichment." *Meyer v. Amerada Hess Corp.*, 541 F.Supp. 321 (D.N.J.1982), dealt not with a termination of a franchise relationship but with a second franchise agreement allegedly designed to put plaintiff out of business. The court found the Act applicable nonetheless and, because of § 2806(a), held that "PMPA preempts the law in this field" and

granted summary judgment on the counts brought under state statutory and common law, leaving only the count brought pursuant to the Act. *Id.*, at 332.[1] An attempt to distinguish common law claims and thus avoid preemption was made in *Lanham v. Amoco Oil Co.*, 481 F.Supp. 405, 406 (D.Md.1979), where plaintiff argued that the rights of a lessee were separate and distinct from the rights of a franchisee. The court held that the common law claim was preempted, due to the broad definition of "franchise" in § 2801(a)(B)(i). In *Nesheiwat v. Mobil Oil Corp.*, CCH Bus.Franch. Guide ¶ 8282 (C.D.Cal.1984), the court found that "the PMPA constitutes plaintiff's exclusive remedy," thus barring plaintiff's common law promissory estoppel claim.

 In contending that his claims are not covered by the Act, plaintiff opposes summary judgment by arguing that the Act does not apply unless a violation of the notice provisions in § 2805 is alleged; that case law distinguishes his claims from those that fall within the scope of the Act; and that the cases relied on by defendant are distinguishable. In the face of legislative history and available case law, however, plaintiff's arguments fall short. The statutory language expressly regulates termination and nonrenewal in requiring that there be *both* notice and acceptable reasons to support such termination or nonrenewal. Plaintiff's complaint arises from the cancellation by defendant of a lease involved in the franchise relationship. In Counts 1 and 2 of the complaint, plaintiff alleges that defendant's failure to renew a lease in 1980 constitutes tortious interference with contract and breach of contract. Clearly, the Act is the exclusive remedy for these claims. It is true that the Act was designed with the protection of the franchisee in mind, but the protection is not without a price, namely, adherence to the statute of limitations found in § 2806(a). Plaintiff's arguments against applicability of the Act,

while stated as an argument against preemption, essentially amount to an argument against the application of the statute of limitations found in the Act. Plaintiff cites *Clark v. Mobil Oil Corp., supra,* for its contention that the Act simply preempts state common law remedies which would bar termination by the franchisor. This limitation of the scope of the Act is not found in the statute or its legislative history; in fact, the provision in § 2805 for actual and punitive damages as well as equitable relief appears to provide the relief sought by plaintiff. The *Clark* court discussed a Missouri common law rule providing for damages in certain circumstances following termination of an agency relationship, despite the fact that the relationship could be terminated at will. The court, however, did not state expressly that the common law rule applied to the facts of the case. The court commented that "even if" the rule applied, it did not bar termination but provided only for damages, and, in any event, the plaintiff had not made a case for recovery of damages under the rule. This Court finds no basis in the *Clark* decision to allow a cause of action for breach of contract or tortious interference. Similarly, in *Bsales v. Texaco, Inc., supra,* the court mentioned plaintiffs' common law claims [fraud, misrepresentation, promissory estoppel, quasi contract, and tortious interference with prospective economic advantage] but found them without merit in that either the elements of such claims were not present or, even if proved, such claims could not support the injunctive relief sought by plaintiffs. Rather than read *Bsales* to infer that common law claims may be brought in the instant case, the Court sees in *Bsales* only an example that multiple grounds for dismissal often exist, particularly where there is a question of preemption or limitations.

 In considering plaintiff's third count, misrepresentation, the Court is

---

1. The court also remarked that the language of § 2805(a), which confers on the franchisee a right of action, is not so narrowly drawn as to require that there have been a termination or

nonrenewal before applying the provisions of the Act. *Id.*, at 329; *see also Siecko, supra,* at 771 n. 2.

mindful of the language in *Clark* that "defendant is bound [by oral or written representations], even if the requirements of the PMPA for termination or nonrenewal are less stringent than such representations." 496 F.Supp. at 135. The *Clark* court did not elaborate on this finding, however, as the absence of a showing of plaintiff's reliance caused the misrepresentation claim to fail, and the court limited relief to that allowable under the Act. *Id.* In the instant case, plaintiff alleges in Count 3 that defendant represented that plaintiff would be able to operate the service station for eleven years; that plaintiff relied on such representation in purchasing the land and setting up the service station; and "that as a direct result of such representations Plaintiff was damaged as aforesaid." Complaint, at 5. Because the basis for plaintiff's case is the termination of its relationship with defendant, it is this Court's opinion that plaintiff's exclusive remedy in this situation is found in the Act, and that this remedy is unavailable due to its failure to file suit in a timely manner. Even if the Court accepted plaintiff's argument that *Clark* saves the misrepresentation claim from preemption, the allegations supporting this count are inconsistent with the undisputed facts of the case. To prevail on a claim for misrepresentation, plaintiff must be able to show that there was a misrepresentation, that he had a right to and did rely on it, and that he was thereby damaged. *Rich v. Eastman Kodak Co.,* 443 F.Supp. 32, 37 (E.D.Mo.1977). Plaintiff's complaint, supplemented by exhibits, shows only that, if there was a representation that plaintiff would be able to operate the station for eleven years, such representation was not false and caused no damage. Plaintiff operated the service station from June 1971 until November 1982, approximately eleven and one-half years. Rather than rebut defendant's arguments against Count 3 or reconcile its complaint with its exhibits, plaintiff states in its opposition simply that the claim for misrepresentation "constitutes a sufficient cause of action in this case," again citing *Clark.* The Court finds that *Clark,* while supportive of an

argument against preemption in certain circumstances, clearly does not shield the misrepresentation claim from all attack. Although plaintiff relies on its pleadings, the Court "looks beyond pleading allegations to the true facts involved, in determining whether or not a genuine issue is present for determination by the trier of fact." *Horne v. Federal Reserve Bank,* 344 F.2d 725, 729 (8th Cir.1965). The Court does not find in the record any genuine issue of fact in Count 3, either considered as a federal or as a state claim, which would require a trial on the merits. The Court therefore includes Count 3 in its grant of summary judgment.

Accordingly, pursuant to Fed.R.Civ.P. 56, the Court having found that there remains no genuine issue as to any material fact in plaintiff's three-count complaint and that resolution by summary judgment is appropriate, the Court hereby orders summary judgment in favor of defendant on all three counts of the complaint.

SO ORDERED.