**Raymond MURARESKU**

v.

**AMOCO OIL COMPANY.**

Civ. A. No. 84–390.

United States District Court, E.D. Pennsylvania.

Nov. 13, 1986.

Lawrence R. Sheetz, Meritz, Williams & Sheetz, Richboro, Pa., for plaintiff.

John A. Guernsey, DeStefano & Guernsey, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CAHN, District Judge.

Plaintiff Raymond Muraresku is a former franchisee of defendant Amoco Oil Company. On October 28, 1982 Amoco notified plaintiff that his lease, which expired January 31, 1983, would not be renewed. Plaintiff brought this suit claiming that the nonrenewal of his lease was in violation of the Petroleum Marketing Practices Act (PMPA), 15 U.S.C. § 2801 *et seq.*

The case went to trial in February of 1985 before Chief Judge Alfred L. Luongo and a jury. Three issues were submitted to the jury by special interrogatory:

1. Did AMOCO determine not to renew Mr. Muraresku's franchise in good faith and in the normal course of business?

2. Did AMOCO give Mr. Muraresku adequate notice of the reasons for nonrenewal?

3. Did AMOCO, within the 90–day period of notice of nonrenewal, make a bona fide offer to sell to Mr. Muraresku its interest in the premises?

The jury answered "yes" to questions 1 and 3 and "no" to question 2; however, they awarded the plaintiff nominal damages of only one dollar for Amoco's failure to provide adequate notice. The judgment was affirmed on appeal, *Muraresku v. Amoco Oil Co.*, 786 F.2d 1148 (3d Cir.1986) (judgment order), and on August 21, 1986 the case was reassigned to me.

■ Plaintiff now seeks an award of attorneys' fees pursuant to the PMPA.[1] Title 15 U.S.C. § 2805(d) (1982) provides, in part, that:

(1) If the franchisee prevails in any action under Subsection (a) of this Section, such franchisee shall be entitled

. . .

(C) to reasonable attorney and expert witness fees to be paid by the franchisor, unless the court determines that only nominal damages are to be awarded to such franchisee, in which case the court, in its discretion, need not direct that such fees be paid by the franchisor.

There is little guidance in the federal courts on the proper construction of this statute; however, it is clear that three issues must be addressed. First, I must decide whether the plaintiff is the prevailing party. Next, whether the court should award attorneys' fees and, finally, what fee is reasonable under the circumstances. Although I find that the plaintiff is the "prevailing" party and is entitled to attorneys' fees, the plaintiff's paltry success mandates that a nominal award is appropriate.

Under the PMPA the plaintiff must have "prevailed" to be entitled to recover his attorneys' fees. 15 U.S.C. § 2805(d)(1). In *Institutionalized Juveniles v. Secretary of Public Welfare*, 758 F.2d 897 (3d Cir.1985), the court held that the test for determining if a party has "prevailed" is "whether plaintiff achieved 'some of the benefit sought' by the party bringing the suit." (quoting *NAACP v. Wilmington Medical Center, Inc.*, 689 F.2d 1161, 1167 (3d Cir. 1982)). *See also Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76

---

1. Plaintiff's main motion for attorneys' fees was first filed on March 14, 1985. Judge Luongo decided to defer consideration of the motion pending the disposition of the appeal on the merits. Now that the judgment of the district court has been affirmed and the parties have filed supplemental memoranda, the issue of counsel fees is ripe for resolution.

L.Ed.2d 40 (1983) ("a typical formulation is that plaintiffs ... [prevail] ... if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit").[2]

In applying this standard a comparison between the relief sought and the relief obtained will usually be sufficient to determine if a party has prevailed. *Institutionalized Juveniles,* 758 F.2d at 911. However, this standard is meant to be a "generous formulation" and should be applied only as a threshold barrier to recovery. *Hensley,* 461 U.S. at 433, 103 S.Ct. at 1939. Even under this "generous formulation," I have serious doubts as to whether the plaintiff achieved "some of the benefit sought" in this action.

As a practical matter, the award of nominal damages to a party seeking only a monetary award is the equivalent of losing the case. As Judge Lord commented, "I know that if I were the plaintiff's lawyer in [a case where only one dollar in damages was awarded], I would consider that I had failed miserably." *Drake v. Perrin,* 593 F.Supp. 1176, 1177 (E.D.Pa.1984). Surely, in this case where the plaintiff sought only monetary damages and received one dollar his case was a practical failure.

An analysis of whether a plaintiff has garnered "any of the benefit sought" may not, however, rest solely on the failure to receive a significant monetary award. There may well be intangible and extrajudicial benefits attached to a verdict in the plaintiff's favor, most notably, the psychological satisfaction gained by a finding that the defendant did indeed act improperly. Also a nominal verdict may serve as an incentive for the defendant to abstain from future unlawful behavior and create a precedent for other action against this or similarly situated defendants. Although I find, *infra,* that these nonmonetary benefits are indeed very small in this case, I cannot hold that the plaintiff failed to re-

ceive *any* of the benefit sought where his rights have been vindicated by a jury verdict. Therefore, I find that the plaintiff "prevailed" on his claim and thus has satisfied the threshold inquiry of the statute.

The payment of attorneys' fees to a prevailing plaintiff who receives only a nominal award is not required under the PMPA but may be ordered at the discretion of the court. 15 U.S.C. § 2805(d)(1)(C). This discretion must be guided by the goals of the statute, particularly the congressional purpose in authorizing the award of attorney fees. The PMPA seeks to remedy the inequality of bargaining power between the franchisor oil company and its franchisee by providing guidelines for the conduct and termination of the franchise relationship. The payment of attorney fees is required to ensure that franchisees can effectively vindicate their rights under the statute. Therefore, as in the civil rights context, prevailing plaintiffs should recover reasonable attorney fees "unless special circumstances would render such an award unjust." *Hensley,* 461 U.S. at 429, 103 S.Ct. at 1937. Since there is no evidence of such special circumstances or that the plaintiff's claim is frivolous or brought in bad faith, I find that the plaintiff is entitled to recover reasonable attorney fees.

In *Hensley* the Supreme Court announced guidelines for calculating "reasonable" attorneys' fees. The starting point for this calculation is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate (the "lodestar"). *Id.* at 433, 103 S.Ct. at 1939. It is the plaintiff's responsibility to provide evidence of the hours worked and rates claimed, and if this documentation is inadequate or hours were not "reasonably expended" the court may reduce the award accordingly. *Id.*

Plaintiff has provided the court with a lengthy recitation of the legal fees incurred in this litigation totaling $40,398.40; how-

2. Although both *Institutionalized Juveniles* and *Hensley* involved claims made pursuant to 42 U.S.C. § 1988 (authorizing the payment of attorney fees in civil rights actions), the standards set forth in those opinions are "generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'" *Hensley,* 461 U.S. at 433 n. 7, 103 S.Ct. at 1939 n. 7.

ever, he has failed to make clear which attorney performed each task. Also, services are often lumped together under a single claim of hours, and the descriptions of services are often too vague to be helpful. Therefore, it is impossible to determine if all the fees claimed were "reasonably expended." Although the inadequacy of plaintiff's documentation clearly requires a reduction in the lodestar claimed, I find that other more significant adjustments make a detailed evaluation unnecessary.

The critical factor in determining the reasonableness of the fee claimed is the results obtained by the attorney. *Id.* at 434, 103 S.Ct. at 1939. This factor is particularly crucial where a plaintiff is deemed "prevailing" even though he only enjoyed limited success. In such cases the district court should award "only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440, 103 S.Ct. at 1943. *See also Black Grievance Committee v. Philadelphia Electric Company*, 802 F.2d 648, 653 (3d Cir.1986).

As discussed, *supra,* the plaintiff achieved only nominal success. He succeeded on only one of the three claims he advanced, and the sole ground he prevailed on was a technical violation of the PMPA's notice requirement which is intended to ensure that franchisees are aware of their PMPA rights. *Brach v. Amoco Oil Co.*, 677 F.2d 1213, 1226 (7th Cir.1982). More importantly, the jury specifically found that he had not suffered actual damage from the defendant's failure to give adequate notice and awarded him only one dollar in nominal damages.

The plaintiff argues that the verdict will have significant precedential and deterrent effects. I disagree. The precedential ef-

fect of the case should be limited to its facts since there is no clear indication of what the jury deemed inadequate in the notice provided; moreover, there is little deterrent effect in forcing the defendant to pay one dollar in damages. Indeed, the nominal award may well have the opposite effect on the defendant's future conduct.

Where the plaintiff's success is as meager as in the case at bar the request for attorney fees is often denied or only a nominal fee is awarded. *Huntley v. Community School Board of Brooklyn, New York District No. 14*, 579 F.2d 738 (2d Cir.1978); *Noe v. Mobil Oil Corp.*, 503 F.Supp. 213, 216 (E.D.Mo.1980). *See also Drake v. Perrin*, 593 F.Supp. 1176, 1179 (E.D.Pa.1984) (awarding fees of $200 to counsel whose client recovered $2.00; counsel had requested $14,713.50). In *Noe*, the court refused to award attorneys' fees under the PMPA to a franchisee who recovered neither actual nor punitive damages. 503 F.Supp. at 216. Similarly, the Second Circuit in *Huntley* upheld Judge Weinstein's decision to deny an award of attorney fees to a plaintiff who won merely "a moral victory" by prevailing on a procedural claim but garnering only nominal damages. *Huntley*, 579 F.2d at 742.

Considering the plaintiff's severely limited success in obtaining the relief sought, I find that only a nominal award of $500 is reasonable in relation to the results obtained.[3] An appropriate Order requiring the defendant to pay to the plaintiff $500 for reasonable attorney fees will be entered.[4]

---

**3.** Beyond the plaintiff's lack of success my nominal award is supported by a review of the record of the trial. Chief Judge Luongo was forced to comment several times on the deficiencies in the evidence plaintiff presented concerning damages. *See, e.g.,* Trial Transcript of March 5, 1985 at 58–59 (document No. 64); Trial Transcript of March 6, 1985 at 6 (document No. 48).

**4.** If he chooses plaintiff may also file a bill of costs under Fed.R.Civ.P. 54(d) which provides that "costs shall be allowed as of course to the prevailing party...." By noting the existence of this rule, however, I make no decision as to the merits of any such motion to recover costs.