## Castner v. Exxon Company, USA

*Gary A. DeVito,* for plaintiff.
*John M. Phelan,* for defendants.

BECKERT, *J.,* January 3, 1989—On November 4, 1988 we entered an order granting defendants' motion for summary judgment. Plaintiff has appealed to the Superior Court.

We granted the summary judgment because we were convinced that plaintiff's common-law claims as set forth in the complaint giving rise to the action brought in this court have been pre-empted by the Petroleum Marketing Practices Act, 15 U.S.C. §2801 et seq. Plaintiff's complaint, which was filed on December 6, 1982, sets forth various purported causes of action, including negligent misrepresentation, emotional distress, failure to deal with plaintiff in a commercially reasonable manner and breach of duty. Broad as those various claims for relief may be, we concluded that they all fell within the umbrella of the PMPA. The key provision of that act, which is designed to provide federal standards governing termination and non-renewal of franchise relationships between distributors of petroleum products and retailers who sell those products, is section 2806(a), which provides as follows:

"To the extent that any provision of this title applies to the termination (or the furnishing of notification with respect thereto) of any franchise, or to the non-renewal (or the furnishing of notification with respect thereto) of any franchise relationship, no state or any political subdivision thereof may adopt, enforce, or continue in effect any provision of any law or regulation (including any remedy or penalty applicable to any violation thereof) with respect to termination (or the furnishing of notification with respect thereto) of any such franchise or to the non-renewal (or the furnishing of notification with re-

spect thereto) of any such franchise relationship unless such provision of such law or regulation is the same as the applicable provision of this title."

Considering the application of that federal statute, our Pennsylvania Supreme Court held that the PMPA would supersede and pre-empt any state statute covering the same subject manner. *Amoco Oil Company v. Burns,* 496 Pa. 336, 437 A.2d 381 (1981). That decision was, in turn, cited by our Superior Court in the later case of *Johnson v. Mobil Oil Corporation,* 364 Pa. Super. 275, 528 A.2d 155 (1987). *Johnson* arose out of a trial petroleum franchisee's claims brought against a petroleum company for fraudulently inducing that franchisee to enter into an agreement and for alleged related misrepresentations concerning the duration of the franchisor's lease. We found the *Johnson* decision to be distinguishable from the case here before us, inasmuch as trial franchise agreements are afforded distinctive treatment under the PMPA. Notably, the PMPA does not expressly provide enumerated grounds giving rise to a franchisor's right to lawfully terminate a trial franchise, so that an attempt to enforce common law rights in the setting of a trial franchise arrangement could not possibly be inconsistent with the PMPA. That act does not provide to the trial franchisee the same express rights that are given to persons in other types of franchise arrangements. Quite to the contrary, the instant case falls directly under the purview of the PMPA, in that expiration of a franchisor's underlying lease is a statutorily permitted ground for termination. See 15 U.S.C. §2802(b)(2)(C) and (c)(4). We therefore accepted defendants' reasoning that for us to permit this plaintiff to pursue a common-law fraud action for wrongful termination would directly conflict

with those restraints on termination specifically set forth in the federal act.

We believe better guidance can be found in the federal case of *Siecko v. Amerada Hess Corporation,* 569 F. Supp. 768 (E.D. Pa. 1983). There, construing the same section 2806(a) of the PMPA which comes to bear in the instant case, the federal District Court found that the act expressly pre-empted a franchisee's Pennsylvania common-law claim for breach of the franchisor's fiduciary duty. The court held, at page 773, that "To the extent that Pennsylvania common law would produce a different result in this case, it is of no effect." While the factual circumstances and stated cause of action in the *Siecko* case are by no means identical with the case here before us, we find far more similarity there than in the *Johnson* case previously discussed. Allegations of fraud and misrepresentation have much in common with an assertion of a breach of fiduciary responsibility; in both instances there is an element of violation of trust or failure of one party to perform that which was within the reasonable expectation of the other party.

Unfortunately, we have found no reported Pennsylvania case which has applied the doctrine of pre-emption in a factual setting substantially identical to this one. The parties have, in the absence of such Pennsylvania authority, cited our attention to various cases in other jurisdictions where the PMPA was scrutinized and applied. Of those, we found that the case most similar to this one was *Continental Enterprises Inc. v. American Oil Company,* 628 F. Supp. 126 (W.D. Mo. 1986). There, the federal court held that the pre-emption provision of the PMPA precluded the oil company's franchisee from maintaining state law causes of action (including claims for tortious interference with contract,

breach of contract and misrepresentation) after the one-year statute of limitations under the PMPA had run. Interestingly, the *Siecko* case previously mentioned herein was among those from various jurisdictions which were cited in support of pre-emption. The court in the *Continental Enterprises* case found that since the basis of the various causes of action being asserted by plaintiff was the termination of the relationship between a motor fuel franchisor and its dealer, that plaintiff's exclusive remedy lay in the PMPA's provisions. For the same reason, we believe that our grant of summary judgment here was entirely proper.

Looking at the pertinent dates, we find that the alleged wrongs on the part of defendants took place on or before April 30, 1981, whereas plaintiff's complaint was not filed until December 6, 1982. Accordingly, we can well understand why plaintiff may be anxious to pursue common-law remedies, instead of having to contend with the one-year statute of limitations set forth in the PMPA. Unfortunately, we believe that avenue can no longer be traveled.