**Alice V. LANHAM, Personal Representative of the Estate of Elgie D. Lanham, Plaintiff,**

v.

**AMOCO OIL COMPANY, Defendant.**

Civ. No. B-79-14.

United States District Court, D. Maryland.

Nov. 26, 1979.

Henry J. Noyes, Rockville, Md., for plaintiff.

Wilbur D. Preston, Jr., B. Ford Davis, Gerson B. Mehlman, and Whiteford, Taylor, Preston, Trimble & Johnston, Baltimore, Md., for defendant.

### MEMORANDUM AND ORDER

C. STANLEY BLAIR, District Judge.

This is an action brought by plaintiff, as personal representative of the estate of Elgie D. Lanham, arising out of the attempted termination by defendant of its franchise relationship with her late husband. Plaintiff originally filed suit in the Circuit Court for Montgomery County, but defendant removed the case to this court. The cause of action lies under the Petroleum Marketing Practices Act, 15 U.S.C. §§ 2801 et seq. ("the Act"). Jurisdiction thus exists under 15 U.S.C. § 2805(a) and 28 U.S.C. § 1331. Both parties have filed motions for summary judgment, upon which no hearing is necessary. Local Rule 6. There being no genuine dispute as to any material fact, defendant's motion will be granted.

On January 18, 1978, Elgie D. Lanham entered into a "Lessee Dealer Meter Marketing Plan Contract" (MMP) and a "Lease" of certain property with the defendant, Amoco Oil Company. Both agreements were effective March 1, 1978, for a period of five years. In November of 1978, however, Elgie D. Lanham died, and plaintiff was appointed personal representative of his estate.

In January of 1979, Amoco notified plaintiff by letter that it considered both agreements terminated, and did not intend to renew them with her as personal representative. Plaintiff was further advised of the date when Amoco intended to re-enter the premises and stop deliveries of products.[1] Plaintiff immediately brought this action seeking declaratory and injunctive relief and damages. Defendant then filed a counterclaim, seeking to terminate the franchise and force plaintiff to vacate the leased premises. Pursuant to her application for a "trial franchise" under 15 U.S.C. § 2803, however, Amoco agreed to leave plaintiff in possession of the premises while action was pending on her application and those of other applicants. Amoco has since decided not to grant plaintiff a trial franchise.

On cross-motions for summary judgment, the parties have identified and briefed the two issues this court finds dispositive. The first is whether the franchise owned by plaintiff's late husband passed to her as personal representative. The second is whether the Petroleum Marketing Practices Act allows for the termination of a franchise relationship upon the death of the franchisee. On both of these issues, the court holds for defendant.

■ Plaintiff's argument that the franchise passed to her upon the death of her late husband is based on an erroneous interpretation of Maryland estate law. She argues that the franchise is personal property, and that as personal representative she has a right and duty to continue operating the service station under Md.Est. & Trusts Code Ann. §§ 1–301 and 7–102. Under § 1–101(p)(2), however, "property" is defined as "any right or interest . . . which does not pass, at the time of the decedent's death, to another person by the terms of the instrument under which it is held, or by operation of law." Md.Est. & Trust Code Ann. § 1–101(p)(2). By their own terms, in paragraphs 9 and 12 respectively, both the MMP and the Lease clearly provide for termination at the death of the franchisee. Such contract provisions have been recognized and accepted by the Maryland Courts. See *Burka v. Patrick*, 34 Md.App. 181, 185, 366 A.2d 1070, 1072 (1976). As a result, the franchise was not part of the "property," real or personal, which passed from Elgie D. Lanham to plaintiff at the time of death.[2]

In reaching this result, the court necessarily rejects plaintiff's contention that Elgie D. Lanham's rights as a lessee were somehow separate and distinct from those he enjoyed as a franchisee. The 1916 Maryland case cited by plaintiff,[3] even to the extent that it may remain otherwise viable as a matter of Maryland estate law, is superseded for the purposes of this dispute by the Act, § 2801(1)(B)(i) of which includes within the term "franchise"

> any contract under which a retailer . . is authorized or permitted to occupy leased marketing premises, which premises are to be employed in connection with the sale, consignment or distribution of motor fuel under a trademark which is owned or controlled by (a) refiner . . 15 U.S.C. § 2801(1)(B)(i).

As the obvious purpose of the contracts was precisely that set forth in the Act, it is clear that any distinction sought to be drawn

---

1. Plaintiff raises no argument that the notice was unreasonable or inappropriate, and the court has no difficulty in finding that it complied with 15 U.S.C. § 2804.

2. As a result, the court need not consider plaintiff's argument regarding her rights at the close of administration. It should be added, however, that to the extent that plaintiff's position may be supported by the Maryland Gasoline Products Marketing Act, Md.Com.Law Code Ann. §§ 11–301—11–308, that law is superseded by the federal act. 15 U.S.C. § 2806(a).

3. *Van Dyck v. Bloede*, 128 Md. 330, 97 A. 630 (1916).

 

between decedent's rights held as a lessee and those held as a franchisee is largely, if not entirely, semantic. The franchise and franchise relationship [4] were created by the Lease and MMP, both of which granted a right of termination to Amoco upon the death of the lessee/franchisee.

■ The remaining question concerns whether termination of a franchise upon the death of the franchisee is authorized by the Act, 15 U.S.C. § 2802. Where, as here, the notification requirements of § 2804 are complied with, a franchisor may terminate any franchise upon any ground described in § 2802(b)(2). Plaintiff is correct that death of the franchisee is not expressly cited among those grounds. The court finds, however, that the clear implication of § 2802(b)(2)(C), as defined in § 2802(c), is to allow termination of a franchise upon the death of the franchisee.

Under § 2802(b)(2)(C), grounds for termination of a franchise and nonrenewal of a franchise relationship include the occurrence of "an event which is relevant to the franchise relationship and as a result of which termination of the franchise or nonrenewal of the franchise relationship is reasonable." It is merely logical to determine that death of the franchisee meets this standard. Moreover, § 2802(c)(3) includes as one such event the "continuing severe physical or mental disability of the franchisee of at least 3 months duration which renders the franchisee unable to provide for the continued proper operation of the marketing premises." In light of the Congressional intent that the enumerated list in § 2802(c) not be exclusive,[5] it scarcely need be said that the death of Elgie D. Lanham makes termination and nonrenewal entirely reasonable.

The court thus concludes that in light of the undisputed facts of this case, Amoco's actions with respect to the franchise were proper under the Act and clearly authorized by the terms of the Lease and MMP. Summary judgment for Amoco is therefore proper.

Accordingly, it is this 26th day of November, 1979, by the United States District Court for the District of Maryland, ORDERED:

1) That defendant's Motion for Summary Judgment be, and the same hereby is, GRANTED; and

2) That plaintiff's Motion for Summary Judgment be, and the same hereby is, DENIED.

---

4. The Act defines "franchise relationship" as "the respective motor fuel marketing or distribution obligations and responsibilities of a franchisor and a franchisee which result from the marketing of motor fuel under a franchise." 15 U.S.C. § 2801(2).

5. S.Rep.No.95–731, 95th Cong., 2d Sess. 1, 38, reprinted in [1978] U.S.Code Cong. & Admin. News, pp. 873, 896.