**Ellis BLANKENSHIP**

v.

**KNOX OIL COMPANY, Park Oil Company.**

**Civ. No. 3–82–259.**

United States District Court,
E. D. Tennessee, N. D.

Aug. 25, 1982.

Charles Deas, Maryville, Tenn., for plaintiff.

William P. Newkirk, Knoxville, Tenn., for defendants.

## MEMORANDUM

ROBERT L. TAYLOR, District Judge.

This is an action under the Petroleum Marketing Practices Act (the "Act"), 15 U.S.C. § 2801 *et seq.* The case is before the Court on plaintiff's motion for partial summary judgment and defendants' motion for summary judgment. The Court heard the parties on their motions and the parties have stipulated what the proof concerning damages would be if the case proceeded to trial.

The following facts are not in dispute. On February 5, 1979, plaintiff and defendant Knox Oil Company entered into a "Lease and Purchase Agreement." The lease covered property known as the Straw Plains Pike Amoco service station. The agreement was for a term of one year and provided for automatic renewal for one-year terms. By letter dated January 21, 1982 defendant Park Oil Company notified plaintiff that the agreement would not be renewed at the expiration of the term ending February 4, 1982. Defendant agreed to extend the agreement through April 22, 1982. The reasons for nonrenewal were that:

1. Park Oil intends to materially alter and add to such premises.

2. Park Oil has determined that renewal of the franchise relationship is likely to be uneconomical to Park Oil Co., despite any reasonable additions to the provisions of the franchise which may be acceptable to the franchise.

On April 21, 1982, plaintiff brought this action seeking injunctive relief and damages. The complaint alleges that the reasons given for termination were not sufficient and that notice of the termination was deficient. A hearing on plaintiff's motion for a preliminary injunction was set for May 4, 1982. Defendants did not resist the motion and the parties filed an agreed order "preserv[ing] the status quo between the parties as it existed at the time of the filing of this action and until the matters in controversy between the parties can be determined by the Court on the merits." On June 16, 1982, plaintiff died.

Defendants have moved for summary judgment on the ground that they are under no obligation under the Act to renew the agreement with plaintiff's personal representative, Ellis I. Blankenship, who has been substituted as plaintiff in this action. Plaintiff contends in his motion for partial summary judgment that the parties' rights and obligations were established at the time the action accrued and was filed. Plaintiff concedes that he may no longer obtain injunctive relief. He seeks actual damages and contends that the amount of damages is the only issue remaining in the case.

In the opinion of the Court, defendants are entitled to summary judgment. Plaintiff has had possession of the premises and has continued to operate the service station. He has, therefore, suffered no damages. At oral argument plaintiff's counsel was repeatedly asked what his damages up to this time were, but he was unable to state them. The only damages he claims are lost profits for the unexpired term of the agreement. Counsel seeks to characterize this as a nonrenewal case and relies on § 105(e)(2) of the Act, which provides for actual damages where the nonrenewal is unlawful and the Court does not compel continuation or nonrenewal of the franchise. He contends

that the Court should hold that the nonrenewal was unlawful since the reasons given for termination, as well as the notice of termination, were unlawful. He thus asks the Court to ignore the fact that the franchisee has died.

Although the Act does not specify that death of the franchisee is a ground for termination or nonrenewal of a franchise, it has been held to be a valid ground. *Kostantas v. Exxon Co.*, 663 F.2d 605 (5th Cir. 1981); *Lanham v. Amoco Oil Co.*, 481 F.Supp. 405 (D.Md.1979). The notice provisions of the Act have been held to be inapplicable when death is the terminating event. *Kostantas v. Exxon Co., supra.* We agree with these courts and hold that the death of Ellis Blankenship is a valid reason for terminating the agreement. Since the termination and nonrenewal were lawful, plaintiff is not entitled to recover lost profits for the unexpired term of the agreement.

For the reasons stated, it is ORDERED that plaintiff's motion for summary judgment be, and the same hereby is, denied. It is further ORDERED that defendants' motion for summary judgment be, and the same hereby is, granted. It is further ORDERED that this case be, and the same hereby is, dismissed.

Order Accordingly.