Byron J. **FREEMAN**, Plaintiff,

v.

.B.P. **OIL, INC., GULF PRODUCTS DIVISION**, Defendant.

No. 86–1257–Civ–T–15(A).

United States District Court,
M.D. Florida,
Tampa Division.

Oct. 10, 1986.

Jose A. Garcia, Seffner, Fla., for plaintiff.

Jeffrey R. Jontz, Orlando, Fla., Karl J. Brandes, Holland & Knight, Tampa, Fla., for defendant.

## ORDER

CASTAGNA, District Judge.

This matter is before the Court on plaintiff's motion for a preliminary injunction. The motion seeks to prevent defendant from terminating plaintiff's petroleum product franchise. After reviewing the record and having had benefit of oral argument, the Court determines the controlling issue to be whether there are sufficiently serious questions going to the merits of plaintiff's claim to make such questions a fair ground for litigation. *See* 15 U.S.C. § 2805(b)(2)(A)(ii). Because no such serious questions are present, the motion is denied.

In July, 1985 the parties to this case executed a trial franchise agreement. That agreement, which conforms to the strictures of the Petroleum Marketing Practices Act ("PMPA"), provided plaintiff a one year lease of a service station, with the concomitant right to sell petroleum products manufactured by defendant's Gulf Products Division. By its terms the franchise agreement ran from July 1, 1985 until June 30, 1986 (*see* complaint exhibit A).

On May 23, 1986 defendant sent plaintiff a notice of nonrenewal by certified mail (complaint exhibit B). The notice provided a termination date of August 31, 1986. At some point before that date the parties

agreed to maintain the status quo pending this Court's decision on the motion for preliminary injunction.

Since the motion for preliminary injunction fails because plaintiff has not shown a fair ground for litigation, an examination of plaintiff's complaint (D 1) is in order. The complaint purports to state three grounds upon which injunctive relief might be based. Count I alleges that the notice of termination is untimely. Count II alleges that the notice is defective since it fails to set out specific grounds for termination. In count III plaintiff alleges that the defendant acted in bad faith in refusing to allow plaintiff and his father * to take the franchise in a corporate name.

The logic underlying plaintiff's first two counts can be more illuminatingly recast in the following syllogism. Plaintiff's major premise is that failure to give nonrenewal notice at least ninety days before the expiration of the trial year automatically converts a trial franchise to a regular franchise at the end of the trial year. Plaintiff's minor premise—and a principle not disputed by defendant—is that notice of termination of a regular franchise must contain specific grounds for nonrenewal. From these premises plaintiff draws the conclusion that defendant's failure to set forth specific grounds for nonrenewal violates the notice provisions of 15 U.S.C. §§ 2802 and 2804. But plaintiff's major premise is supported in neither law nor logic.

■ Section 2803 of the PMPA governs the nonrenewal of trial and interim franchises. Section 2803(c)(1) provides that a trial franchise may be nonrenewed so long as the 90 day notice requirements of § 2804(a)(2) are met. Specifically, § 2804(a)(2) calls for notification of nonrenewal "not less than 90 days prior to the date on which such termination or nonrenewal *takes effect*." (emphasis added). In *Day Enterprises, Inc. v. Crown Central Petroleum,* 529 F.Supp. 1291 (D.Md.1982),

the court held that notice given less than 90 days before the expiration of a regular franchise, but more than 90 days before the termination was to take effect, did not run afoul of § 2804(a)(2). Here plaintiff received notice 99 days before termination was to take effect. This Court sees no reason to depart from the *Day Enterprise* court's interpretation of § 2804(a)(2). Thus, the notice of termination was timely.

The position urged by plaintiff would subvert the intent of the PMPA. Under plaintiff's interpretation, all one year trial franchises would have an effective duration of only nine months; the franchisor would not be able to terminate a trial franchise during its last three months no matter how compelling the reasons. Conversely, a franchisor giving notice more than three months in advance might open itself to charges of negotiating in bad faith. *Cf. Ferriola v. Gulf Oil Corp.,* 496 F.Supp. 158, 161 (E.D.Pa.1980) *aff'd* 649 F.2d 859 (3d Cir.1981) (need to negotiate in good faith permits nonrenewal notice even after expiration date).

■ Because notice of nonrenewal was timely given, plaintiff's trial franchise was not converted to a regular franchise as of the expiration date. And since plaintiff did not have a regular franchise, the specific grounds requirement of § 2802(b) does not apply. Instead, the applicable section is 2804(c)(3) which requires that the termination notice be given "together with the reasons therefor." This provision is far less demanding than the grounds for nonrenewal of a regular franchise under § 2802(b). *See Clark v. Mobil Oil Corp.,* 496 F.Supp. 132, 134 (E.D.Mo.1980); *Wojciechowski v. Amoco Oil Co.,* 483 F.Supp. 109, 113 (E.D.Wisc.1980). In the instant case the reason given for nonrenewal was plaintiff's "negative attitude ... evidenced in dealing with GPD personnel." (*see* complaint exhibit B1). Under the statutory scheme this was enough.

---

* Plaintiff's father was the predecessor in interest to the service station at issue here; the father's

lease terminated on June 30, 1985.

The cases relied upon by plaintiff at oral argument do not counsel a different result. They are distinguishable in that they dealt with oral contracts either creating a regular franchise, *see Hanes v. Mid-American Petroleum, Inc.*, 577 F.Supp. 637 (W.D.Mo. 1983), or automatically renewing an existing franchise, *see Rogue Valley Stations, Inc. v. Birk Oil Co.*, 568 F.Supp. 337 (D.Ore.1983). To accept these cases as controlling here would improvidently blur the distinction between regular and trial franchises that Congress strove to create under the PMPA. *See* S.Rep. No. 731, 95th Cong., 2d Sess. 15, *reprinted in* 1978 U.S. Code Cong. & Ad.News, 873.

■ Count III of the complaint also fails to raise a fair ground for litigation. As noted before, Count III purports to state a claim under § 2802 based on defendant's bad faith refusal to allow the franchise to be taken under a corporate name. Section 2805(a) provides a one year statute of limitations for civil actions arising under § 2802. This one year limitations period obtains even if the termination of the franchise was fraudulent. *Huth v. B.P. Oil*, 555 F.Supp. 191, 193 (D.Md.1983). The statutory period begins to run from the later of the date of termination or nonrenewal of the franchise or the date the franchisor violated the provisions of § 2802. According to the complaint, the wrongful acts took place on or before June 30, 1985, when plaintiff's father's franchise terminated. Since almost 14 months elapsed before the complaint was filed, count III is stale.

In light of the above, it is

ORDERED:

The motion for preliminary injunction is denied.