**Nello CIVITELLA, Plaintiff,**

v.

**SHELL OIL COMPANY, Defendant.**

**No. CIV 85–843 TUC WDB.**

United States District Court,
D. Arizona,
Tucson Division.

Dec. 24, 1986.

Paul J. Sacco, Vingelli P.C., Tucson, Ariz., for plaintiff.

George A. Nachtigall, Shell Oil Co., Houston, Tex., for defendant.

## ORDER

WILLIAM D. BROWNING, District Judge.

The plaintiff filed suit against the defendant oil company alleging violations of the Petroleum Marketing Practices Act (PMPA) and state claims for fraud and negligent misrepresentation. These claims arose when the defendant failed to renew the plaintiff's franchise to operate a Shell service station in Tucson, for the reason that the defendant's lease of the premises had expired. Defendant moved for summary judgment alleging that it complied with the requirement of PMPA and that the other counts failed to state a claim upon which relief could be granted.

PMPA specifically grants franchisors the right to end a franchise upon loss of the ground lease, if the prescribed notice is given. *See* 15 U.S.C. § 2802(c)(4). Further, Congress specifically contemplated that, upon giving the required notice, franchisors could end a franchise for loss of the underlying lease, even when the franchisor had an option to renew the lease. *See* S.Rep. No. 95–731, 95th Cong., 2d Sess. 38, *reprinted in* 1978 U.S.Code Cong. & Admin.News (95 Stat.) 873, 896. In granting the defendant's motion for summary judgment of the PMPA claims, this Court joins others which have considered the question. *See, e.g., Lugar v. Texaco, Inc.,* 755 F.2d 53 (3rd Cir.1985);

*Veracka v. Shell Oil Co.*, 655 F.2d 445 (1st Cir.1981).

The plaintiff has also raised state claims, over which this Court has diversity jurisdiction. The defendant poses two challenges to these claims. First, the defendant maintains that PMPA has in fact preempted state law concerning disputes over franchise terminations and nonrenewals, citing to the Court *Consumers Petroleum Co. v. Texaco, Inc.*, 804 F.2d 907, 2 Business Franchise Guide, (CCH) Para. 8696 (6th Cir. 1986). Second, the defendant maintains that the evidence does not support plaintiff's contention that the oil company's field representative made any misrepresentations to the plaintiff as to the oil company's plans to continue marketing in the Tucson area.

## PREEMPTION OF STATE LAW

■ The Sixth Circuit opinion notes that PMPA itself preempts certain contrary state laws that might apply in a franchise termination case, specifically those governing the reasons, procedures, and notice requirements for terminating franchises. The court then recast Consumers Petroleum Company's fraud complaint into notice terms, and dismissed the case since the plaintiff had received proper notice under PMPA.

In the present case, plaintiff Civitella's complaint could also be recast as imposing upon the defendant a duty to give him notice of a market withdrawal earlier than PMPA requires. Both Civitella and Consumers Petroleum Co. sought assurances about the long term plans of their franchisors, and made business decisions in reliance upon such assurances as they received. In both cases, the franchisors pulled out of the market areas sooner than their statements led their franchisees to expect. Plaintiff's prevailing on the state claims here would impose upon franchisors a duty to make marketing withdrawal decisions and to inform their franchisees of such decisions far in advance of the notice requirement imposed by PMPA. Since PMPA clearly preempts state law as to the required notice, plaintiff's state claim might therefore be dismissed.

This Court is, however, unwilling to hold that plaintiff's state causes of action amount merely to claims for earlier notice. So to interpret PMPA suggests that franchisors should not be held to promises they make that exceed PMPA's requirements. PMPA's proscriptive language makes clear that private contracts whose provisions detract from the protection PMPA offers franchisees would be invalid. But PMPA nowhere suggests that the parties may not contract to provide franchisees with greater protection than PMPA offers. If the parties have agreed to longer notice periods, for instance, the franchisor should not be able to invoke PMPA to escape the consequences of a breach.

## EVIDENCE OF MISREPRESENTATION

■ Nevertheless, the Court finds that this case is subject to summary judgment, because the plaintiff has failed to establish his fraud and negligent misrepresentation claims. The Court is aware that plaintiff has not yet proceeded through the extensive and expensive discovery of the defendant's records in an effort to determine when Shell's decision to withdraw from the Tucson market was first contemplated and then made. Thus, the issue of whether any representation was true or false is not before the Court on this motion. However, the Court finds that no representation upon which the plaintiff ought reasonably to have relied was made.

The franchise contract falls clearly within the statute of frauds, and the documents supplied by the parties clearly show that defendant oil company had a three year lease of the premises, and gave prominent notice of that fact to plaintiff. The parties agree that the plaintiff knew of an option to renew the lease, but the plaintiff does not allege that he was promised orally or in writing that the renewal would be exercised. Instead, he testified in deposition that he assumed his franchise would be renewed if he operated the station successfully. Moreover, even if Shell had continued to market its products in Tucson, its termination of plaintiff's contract would have been legal under the contract entered into by plaintiff. The plaintiff's franchise

was not renewed because of loss of the ground lease, an event the defendant properly advised plaintiff could occur in documents that form part of the written contract. Defendant could also have terminated the franchise if Civitella's conduct had not met its standards, or for the other reasons described in 15 U.S.C. § 2802.

For the foregoing reasons, the defendant's motion for summary judgment is GRANTED and the case is DISMISSED.