**EUBANKS BROTHERS, a Partnership, and Charles O. Eubanks, Individually, Plaintiffs,**

v.

**TEXACO REFINING AND MARKETING INC., Defendant.**

**Civ. No. M–88–122.**

United States District Court, S.D. of Texas, McAllen Division.

Oct. 1, 1990.

Francisco J. Enriquez, McAllen, Tex., for plaintiffs.

T. Mark Blakemore, Royston, Rayzor, Vickery & Williams, Brownsville, Tex., for defendant.

## MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending before this Court is the Magistrate's Report and Recommendation of May 23, 1990, as to the Motion for Summary Judgment by Defendant Texaco Refining and Marketing, Inc. (hereinafter "TRMI"), filed on March 2, 1990.

Upon review of the Report and Recommendation and Defendant's objections thereto, this Court agrees that a genuine issue of material fact exists as to whether the buy/sell agreement between Plaintiffs and Phillips Properties, Inc. of October, 1988, the communications between Plaintiffs and Defendant, and the subsequent closing of the sale in December, 1988, constituted an unauthorized assignment of or attempt to assign the Marketer Agreement of January, 1987, between Plaintiffs and Defendant.

This Court further concurs with the Magistrate that a genuine issue of material fact exists as to when TRMI received actual or constructive notice of the sale of the distributorship assets to Phillips Properties, Inc., a question important to determining the propriety of Defendant's notice of termination or non renewal under §§ 104(a)(2) & (b)(1)(A) of the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* ("PMPA"). This Court also notes that, in claiming an exception from the 90–day notice requirement under § 2804(b)(1)(A), which allows for notice "... on the earliest date on which furnishing such notification is reasonably practicable ...", Defendant is bound by § 2802(b)(2)(A)(ii), which requires actual or constructive knowledge of the ground for termination or non renewal "not more than 60 days prior to ... notification...." 15 U.S.C. § 2802(b)(2)(A)(ii).

Finally, TRMI claims that, even if there were no assignment by Plaintiffs, the termination was "reasonable" under § 102(b)(2)(C) of the Act. Such a determination clearly calls for resolution of a genuine issue of material fact.[1]

Given the existence of these material fact issues, Defendant TRMI's Motion for Summary Judgment is DENIED with respect to Plaintiffs' claims under the PMPA.

■ *Preemption.* Plaintiffs' complaint also alleges several state statutory and common law claims against TRMI. TRMI asserts in its Motion for Summary Judgment that these claims are preempted by the PMPA. Although the Magistrate ignored this issue, both sides have fully briefed it, and this Court considers it ripe for disposition.

In assessing the effect of the PMPA on these claims, this Court looks to the clear mandate of § 106 of the Act:

> To the extent that any provision of this subchapter applies to the termination . . . or to the non renewal . . . of any franchise relationship, no State or any political subdivision thereof may adopt . . . any provision of any law or regulation . . . with respect to termination . . . or . . . non renewal . . . unless such provision . . . is the same as the applicable provision of this subchapter.

15 U.S.C. § 2806(a). Courts from numerous jurisdictions have consistently interpreted this provision to preempt any state law claims related to an alleged wrongful termination or non renewal of a petroleum franchise under the Act. *See Esquivel v. Exxon Co., U.S.A.,* 700 F.Supp. 890, 896–97 (W.D.Tex.1988) (for a concise review of authorities on preemption under PMPA). The test enunciated by the Eighth Circuit in *Continental Enterprises, Inc. v. American Oil Co.,* 808 F.2d 24 (8th Cir.1986), appears to prevail: " . . . that the PMPA preempts a state law action when the action arises out of the franchise termination

or is an incident of the termination." 808 F.2d at 27. Numerous authorities support that test. *Huth v. B.P. Oil, Inc.,* 555 F.Supp. 191, 194 (D.Md.1983) (preempting claims of common law breach of contract and fraud for wrongful termination); *Darling v. Mobil Oil Corp.,* 864 F.2d 981, 986–87 (2d Cir.1989) (state hours of operation regulation preempted; state cannot go beyond PMPA protections); *Continental Enterprises, supra* (preempting state law claims of breach of contract, tortious interference with contract, and misrepresentation); *Graeber v. Mobil Oil Corp.,* 614 F.Supp. 268, 270–71 (D.N.J.1985) (preempting state franchise law and breach of implied contract covenant of best efforts claims); *Consumers Petroleum Co. v. Texaco, Inc.,* 804 F.2d 907 (6th Cir.1986) (state misrepresentation and fraud claims preempted; state notice requirement would cause different result from PMPA).

Plaintiffs cite several allegedly contrary authorities; however, these are distinguishable. In *Exxon Corp. v. Georgia Ass'n of Petroleum Retailers,* 484 F.Supp. 1008 (N.D.Ga.1979), *affirmed,* 644 F.2d 1030 (5th Cir.), *cert. den.,* 454 U.S. 932, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981), the district court did not preempt some provisions of a Georgia statutory law regulating terms in franchise agreements. However, the court expressly held that: "Congress has determined that the realm of termination or nonrenewal of franchise shall be ruled exclusively by the federal sovereign," 484 F.Supp. at 1017, and invalidated several other sections dealing with termination or non renewal of franchises. The Second Circuit in *Bellmore v. Mobil Oil Corp.,* 783 F.2d 300 (2d Cir.1986), determined that the PMPA did not preempt a Connecticut statute providing for post-termination compensation of franchisees for expenditures to develop good will, finding the statute was a compensation measure, not a termination provision or an interference with the PMPA's termination provisions. 783 F.2d

---

1. The inappropriateness of summary judgment on this issue is made all the more clear by the fact that the only authority cited by TRMI's counsel to support the "reasonableness" of TRMI's actions is inapposite. *Freeman v. B.P. Oil, Inc.* treated the reasonableness of non renewal under a trial franchise, not a regular franchise. The standard for non renewal of a trial franchise is "far less demanding. . . ." 651 F.Supp. 654, 655 (M.D.Fla.1986).

at 304 (an identical finding made subsequently in *Aurigemma v. Arco Petroleum Products Co.,* 698 F.Supp. 1035, 1041 (D.Conn.1988)). The Arizona district court in *Civitella v. Shell Oil Co.,* 656 F.Supp. 144 (D.Ariz.1986), held that nothing in the PMPA prohibited parties from contracting among themselves for greater protection than provided by the Act. 656 F.Supp. at 145; *but see Darling, supra.* Finally, in *Ackley v. Gulf Oil Corp.,* 726 F.Supp. 353 (D.Conn.1989), the court, interpreting Sec. 106(b) of the PMPA, merely held that the validity of an assignment, absent any language in the franchise agreement, is determined by state law. A valid assignment under state law was held not to constitute a termination or non renewal under PMPA. The instant case unquestionably involves a termination and the franchise agreement clearly has language directly addressing assignments.

Each of Plaintiffs' state law claims arises out of or is incident to the franchise termination. First, Plaintiffs claim under the Texas Deceptive Trade Practices Act for several alleged violations; however, upon scrutiny, each allegation clearly is tied to the alleged wrongful termination of the franchise.

Next, Plaintiffs claim that TRMI "for no justifiable reason has repudiated the contract," a claim transparently arising out of the franchise termination.

Additionally, Plaintiffs allege tortious interference with contract by the Defendant by not approving additional locations for sale of Defendant's products. This claim is facially tied to Defendant's termination of the marketing franchise and Plaintiffs' contention that it was wrongfully done.

Finally, Plaintiffs assert a tortious breach of a covenant of good faith and fair dealing by Defendant, alleging that TRMI "for no lawful or justifiable reason has sought to terminate the agreement ... [and] failed in good faith to follow statutorily mandated termination procedures." Such allegations manifestly relate this claim to the franchise termination and require preemption.

Based upon the clear language of § 106 of the PMPA and its interpretation by numerous courts, this Court concludes that Plaintiffs' state law claims are all preempted by the federal statute. Plaintiffs' pendent state law claims are DISMISSED.

■ *Plaintiffs' Amended Complaint.* Plaintiffs propose to join Star Enterprise and Oil Patch Fuel and Supply, Inc. as parties defendant. There is no basis for federal jurisdiction over the claims against these defendants. The only federal claim supporting jurisdiction in this Court is the alleged violation of the PMPA. That claim lies only against TRMI. The Court has now dismissed the pending state claims against TRMI. There is no federal claim against the proposed new defendants. Their addition would be an attempt at pendent party jurisdiction, which the United States Supreme Court has foreclosed. *Finley v. United States,* 488 U.S. 815, 109 S.Ct. 52, 102 L.Ed.2d 31 (1988). There would be no diversity jurisdiction either. The Plaintiffs are Texas citizens. TRMI allegedly maintains its principal place of business in Texas, while Oil Patch is alleged to be a Texas corporation.

■ The proposed amended complaint would also join Phillips Properties, Inc. as a party plaintiff. It is irregular, to say the least, for the current Plaintiffs to move to allow a new party to intervene as party plaintiff. The motion to intervene should come from the proposed intervenor itself. In any event, Phillips cannot intervene because again there is no federal jurisdiction to support its presence in the case. Phillips has no claim under the federal statute and therefore must rely on diversity jurisdiction. However, Phillips is alleged to be a Texas corporation, making it non-diverse as to TRMI and Oil Patch Fuel and Supply, Inc. Plaintiffs' motion for leave to file the amended complaint is DENIED.

*Summary.* The state law claims between the current parties are DISMISSED. No new parties or claims are allowed. This case will go to trial on the PMPA claim between the existing parties. Magistrate Mallet is DIRECTED to promptly resolve any pending discovery disputes and set a

firm, final, prompt deadline for submitting the joint pre-trial order, in no event later than December 1, 1990. The issue in dispute is relatively narrow and simple. This case has been on file for two years. Any further new discovery should be considered presumptively unjustifiable and allowed only in unusual circumstances. Any further motions are discouraged and subject to careful scrutiny under Rule 11.