**Daniel J. LYONS, Plaintiff,**

v.

**MOBIL OIL CORPORATION, Defendant.**

**Civ. No. B 81-406.**

United States District Court,
D. Connecticut.

Dec. 28, 1982.

See also 526 F.Supp. 961.

Richard W. Farrell, of Abate, Fox & Farrell in Stamford, Conn., for plaintiff.

Richard M. Reynolds and Scott P. Moser, of Day, Berry & Howard, Hartford, Conn., on briefs, for defendant.

## RULING ON PLAINTIFF'S MOTION FOR COSTS AND ATTORNEY'S FEES

EGINTON, District Judge.

This action was commenced by plaintiff Daniel J. Lyons on August 31, 1981, pursuant to the Petroleum Marketing Practices Act, 15 U.S.C. § 2801 *et seq.* (the "PMPA"), seeking preliminary and permanent injunctive relief prohibiting defendant Mobil Oil Corporation ("Mobil") from terminating Lyons' franchise to operate a retail gasoline service station. Lyons also sought compensation pursuant to Conn.Gen.Stat. § 42–133e, exemplary damages and costs and attorney's fees.

Lyons' predecessor franchisee in the operation of the Station was William D. Melillo. Melillo's franchise contained a provision providing for its termination upon Melillo's death. Subsequent to the creation of Melillo's franchise, Connecticut enacted a statute, Conn.Gen.Stat. § 42–133m, which purported to render such a termination provision "ineffective and void as contrary to public policy." After Melillo's death, Mobil refused to treat his heirs as its franchisee, contending that the Connecticut statute was unconstitutional insofar as it purported to invalidate termination clauses in franchise agreements executed prior to passage of the act. Melillo's estate then sued Mobil.

While that suit was pending, Mobil and the plaintiff established the franchise relationship to which this lawsuit relates. As a part of that transaction, the parties executed a letter agreement, dated September 29, 1979 (the "Letter Agreement"), which provided, *inter alia,* that "a future determination by Mobil to acknowledge the rights claimed to exist by the Melillo estate, whether or not successfully asserted in a judicial or administrative action, will ... constitute 'good cause' for terminating" the franchise pursuant to the PMPA.

In 1981 Mobil settled its lawsuit with Melillo's Estate by means of a payment by Mobil of $75,000. Mobil advised the plaintiff that it considered the settlement an "acknowledgment" of the rights claimed to exist by Melillo's estate within the meaning of the Letter Agreement and, hence, a ground for terminating the Lyons franchise. Mobil stated it would not terminate if the plaintiff agreed to reimburse Mobil for its settlement payment to Melillo's estate.

Lyons refused to reimburse Mobil, and Mobil sought to terminate his franchise. Lyons commenced this action to enjoin termination. Hearings on the plaintiff's request for an injunction were held on four separate days. This court rejected Mobil's interpretation of the Letter Agreement and preliminarily enjoined Mobil from terminating Mr. Lyons' franchise. 526 F.Supp. 961.

Thereafter, the plaintiff moved for summary judgment, seeking to transform the preliminary injunction into permanent injunctive relief. Instead, however, on the basis of a stipulation of counsel dated July 7, 1982, the record in the case was considered closed so that the court could enter its final judgment. On September 23, 1982, this court entered judgment in favor of the plaintiff, permanently enjoining Mobil from terminating the Lyons franchise on the basis of the Letter Agreement.

Plaintiff now seeks attorney's fees and costs in connection with this litigation. Defendant challenges his right to attorney fees.

The basic issue is the interpretation of 15 U.S.C. § 2805(d)(1), which provides:

If the franchisee prevails in any action under subsection (a) of this section, such franchisee shall be entitled—

(A) consistent with the Federal Rules of Civil Procedure, to actual damages;

(B) in the case of any such action which is based upon conduct of the franchisor which was in willful disregard of the requirements of section 2802 or 2803 of this title, or the rights of the franchisee thereunder, to exemplary damages, where appropriate; and

(C) to reasonable attorney and expert witness fees to be paid by the franchisor, unless the court determines that only nominal damages are to be awarded to such franchisee, in which case the court, in its discretion, need not direct that such fees be paid by the franchisor.

Plaintiff reads this section to mean that this court is required to award reasonable attorney and expert witness fees to a prevailing franchisee except where the franchisee obtains nothing more in the way of relief than nominal damages. Since Lyons obtained injunctive relief through this action, he concludes that the court must award him fees.

Mobil reads the statute to hold that the court has discretion to award such fees unless damages are awarded and those damages are more than nominal. Since Lyons obtained only injunctive relief in this case, and no damages, Mobil asks this court to exercise its discretion to deny him any award of fees.

The position advanced by Mobil finds support in a decision of a Federal District Court in Missouri holding that attorneys' fees would not be assessed in the absence of an award of actual damages. The court did not amplify its conclusion nor did it discuss at all the possibility of a discretionary award of damages. *Noe v. Mobil Oil Corp.,* 503 F.Supp. 213, 216 (D.Mo.1980). This court disagrees with the position of the Missouri court because it feels that the import of § 2805(d)(1)(C) is that a prevailing party is entitled to reasonable attorney and witness fees unless the party obtains nothing more in relief than nominal damages, in which case fees would be discretionary.

Subsection (A) of § 2805(d)(1) provides for an award of actual damages to a prevailing party, and subsection (B) contemplates exemplary damages where appropriate. In effect, Mobil's interpretation would require that the court grant relief under one of these two subsections before it could apply subsection (C) to award fees. There appears to be nothing in the language or structure of the PMPA to support this dependent reading of subsection (C). However, this court does not reach the issue addressed by the Missouri court because the court, which developed a thorough familiarity of this matter during extended proceedings, is of the opinion that whether an award under the statute in these circumstances is mandatory or discretionary, the requested fees should in this instance under either situation be awarded.

Injunctive relief is an important part of the PMPA scheme, being specifically provided for in § 2805(b). History of the development of PMPA, combined with a basic understanding of the inequity sought to be corrected in the franchise relationship by the legislation, and the irreparable harm that necessarily would arise from the termination of a franchise relationship, leads logically to only one conclusion. The basic premise of PMPA is that injunctive relief should be available to preserve the franchise in question, so as to avoid the termination of the franchise with inevitable litigation following on the damages issues. Therefore it seems to this court that a franchisee who obtains injunctive relief should be considered a "prevailing party" for the purposes of § 2805(d)(1), regardless of whether actual or exemplary monetary damages are awarded. Such would be in keeping with the remedial purpose of PMPA to equalize the otherwise drastically unequal bargaining power of petroleum

franchisees and franchisors. *See,* Senate Report No. 95–731, 95th Cong., 2nd Sess., 18–19, *reprinted in* 1978 U.S.Code Cong. & Ad.News 873, 875–77. *Cf. Becker Steel Co. v. Cummings,* 296 U.S. 74, 56 S.Ct. 15, 80 L.Ed. 54 (1935); *Socony Vacuum Oil Co. v. Smith,* 305 U.S. 424, 59 S.Ct. 262, 83 L.Ed. 265 (1939). In view of the importance of the injunctive relief concept under the statute, it would appear to frustrate the purpose of PMPA if this court were to fail to recompense the franchisee in this case who was required to litigate in order to preserve his franchise.

The court has reviewed with interest the hotly contested arguments of counsel in the briefs supporting and opposing plaintiff's motion for attorney's fees and feels that under all of the circumstances in the instant case, the plaintiff was indeed a sufficiently prevailing party for the court to exercise its discretion in favor of a full award, especially in the light of the remedial purposes of PMPA and the imbalances the statute was designed to offset.

The affidavits of plaintiff's counsel set forth the following costs and fees:

| | |
|---|---|
| Witness fees: | $ 120.16 |
| Attorney fees: | $14,485.00 |
| Costs: | $ 838.50 |

Mobil has not challenged the reasonableness of these claims. The witness fees of $120.16 are found to be reasonable and are to be paid by Mobil. The attorney fees are based on the plaintiff's attorney's usual rate of $100 per hour, which the court finds to be the rate normally charged by attorneys of like skill in this area. The total of 144.85 hours is found to have been reasonably necessary.

The court awards attorney fees of $14,485.00.

Finally, the court finds that the costs of $838.50 are reasonable, and taxes them against Mobil under 28 U.S.C. § 1920.

It is So Ordered.