Harold JONES, Plaintiff–Appellant,

v.

CREW DISTRIBUTING CO., INC.,
Defendant–Appellee.

Mickey Crew, Defendant.

No. 92–6028.

United States Court of Appeals,
Eleventh Circuit.

Feb. 26, 1993.

James S. Ward, Ezra B. Perry, Jr., Corley, Moncus & Ward, P.C., Birmingham, AL, Thadius William Morgan, Jr., Enterprise, AL, for plaintiff-appellant.

Robert A. Huffaker, Rushton, Stakely, Johnston & Garrett, Montgomery, AL, for defendant-appellee.

Before BIRCH, Circuit Judge, JOHNSON, Senior Circuit Judge, and THOMAS *, Senior District Judge.

DANIEL HOLCOMBE THOMAS, Senior District Judge:

The district court below found for Plaintiff/Appellant Harold Jones for wrongful termination of his franchise relationship with Defendant/Appellee Crew Distributing Company, Inc. ("Crew") under Title I of the Petroleum Marketing Practices Act ("PMPA"), 15 U.S.C. §§ 2801–2806 (1988) and for breach of contract under state law. The district court also found for Crew on its counterclaim for unpaid rent due under the service station lease agreement. Jones appeals the district court's denial of attorney and expert witness fees under 15 U.S.C. § 2805(d)(1)(C) and the court's denial of exemplary damages under 15 U.S.C. § 2805(d)(1)(B).[1]

I. Facts

Plaintiff/Appellant Jones is a resident of Enterprise, Alabama. Since 1986 he has operated East Lee Texaco, a retail gasoline service station also located in Enterprise. Defendant/Appellee Crew Distributing Co., Inc. is a corporation whose office is located in Opp, Alabama. Crew is engaged in the business of operating service stations and distributing fuel to their own and other service stations. East Lee Texaco is owned by Crew.

In early 1986 Jones and Crew entered negotiations which culminated in a lease agreement under which Jones would operate East Lee Texaco. The initial lease term was two years.[2] The relationship between the parties formed by this lease was a "franchise relationship" as defined in 15 U.S.C. § 2801(2).

The lease contemplated that certain repairs and improvements would be made to the station prior to Jones beginning occupancy. It is in dispute whether such repairs were made. It is not disputed, however, that Jones did not pay rent for the months of October and November 1986. Crew asserts that the unpaid rent for these two months was the basis for its attempts to terminate the franchise.

Both parties describe their business relationship as acrimonious. Following a disagreement in October 1989 over certain repairs to the station, Crew changed the basis for the delivery of fuel to Jones from consignment to cash on delivery. On October 12, 1989 Crew sent the first of several letters to Jones demanding Jones vacate the premises and asserting the unpaid rent

---

* Honorable Daniel H. Thomas, Senior U.S. District Judge for the Southern District of Alabama, sitting be designation.

1. By motion following oral argument, Jones voluntarily dismissed his third issue on appeal, the district court's grant of a directed verdict for defendant on Jones' claim under the Alabama

Motor Fuel Marketing Act, § 8–22–1, *et seq.*, Code of Alabama (1975).

2. The initial term of the lease agreement expired on June 30, 1988. However, Jones remained in possession of the premises on a month to month tenancy under a holdover provision in the lease.

as the basis for the eviction. In a letter dated January 4, 1990, Crew notified Jones of its intent not to renew their franchise relationship effective October 12, 1989. On January 16, 1990, Crew ceased deliveries to Jones.[3]

Jones filed suit in the United States District Court for the Middle District of Alabama and on June 5, 1990 obtained a preliminary injunction commanding Crew to resume deliveries of gasoline and other petroleum products to Jones. Jones also sought recovery from Crew for, *inter alia*, violation of the PMPA, breach of contract and violation of the Alabama Motor Fuel Marketing Act. Crew counterclaimed for the unpaid rent.

After trial, the jury returned a verdict for Jones of one dollar on his PMPA claim and $24,999.00 on his breach of contract claim. The jury also awarded Crew $1,176.18 on its counterclaim. The district court did not grant Jones a permanent injunction reinstating the franchise relationship or a five year extension of the franchise agreement as Jones had requested. However, the court did bar Crew from asserting the back rent as a basis for a future termination.

## II. Discussion/Analysis

Jones asserts that as a prevailing party under 15 U.S.C. § 2805(d)(1)(C), he was entitled to an award of attorney and expert witness fees. Section 2805 of the PMPA indicates the circumstances under which a franchisee may recover attorneys fees.

If the franchisee prevails in any action under subsection (a), such franchisee shall be entitled ... to reasonable attorney and expert witness fees to be paid by the franchisor, unless the court determines that only nominal damages are to be awarded to such franchisee, in which case the court, in its discretion, need not direct that such fees be paid by the franchisor.

15 U.S.C. § 2805(d)(1)(C).

To be a prevailing party, Jones "must be able to point to a resolution of the dispute which changes the legal relationship between [him]self and the defendant." *Texas State Teachers Assn. v. Garland Independent School Dist.*, 489 U.S. 782, 792, 109 S.Ct. 1486, 1493, 103 L.Ed.2d 866 (1989) (citations omitted).[4] The district court properly held that Jones was the prevailing party in this action. Jones brought suit, at least in part, to prevent Crew from terminating the franchise relationship because of the past due rent. That result was achieved.[5]

However, the district court found that an award of attorney and expert witness fees was "discretionary under the Act since only nominal damages were awarded by the jury." Jones argues that this conclusion is incorrect. We agree.

In deciding whether the award of fees in this case was properly in the discretion of the district court we must look to the language of § 2805(d)(1)(C). Specifically, we must determine whether "only nominal damages are to be awarded" should mean that no other relief is awarded, or only that no other monetary damages are awarded.

The PMPA was promulgated to remedy the often harsh consequences that arose from the unequal bargaining power of petroleum franchisors and franchisees.

---

**3.** The underground storage tanks at the East Lee Texaco station were locked and Crew retained the keys, therefore, Jones was unable to obtain fuel from another source.

**4.** The *Garland* case dealt specifically with attorney fees under 42 U.S.C. § 1988. However, the Court noted that "the definition of the term 'prevailing party'" was also important "to the application of ... other federal fee shifting statutes." *Garland*, 489 U.S. at 784, 109 S.Ct. at 1489. Further, this court has "used cases interpreting one fee shifting statute when faced with the interpretation of another." *Ketterle v. B.P. Oil, Inc.*, 909 F.2d 425, 429 (11th Cir.1990).

**5.** In *Farrar v. Hobby*, — U.S. —, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992), The Supreme Court further advanced their "prevailing party" analysis last addressed in *Garland*. The Court held that "the prevailing party inquiry does not turn on the magnitude of the relief obtained." *Id.* at —, 113 S.Ct. at 574. However, the degree of plaintiff's success in the action should be considered in determining the reasonableness of the amount of fees awarded. *Id.*

*Brach v. Amoco Oil Co.*, 677 F.2d 1213, 1220 (7th Cir.1982). "As remedial legislation, the Act must be given a liberal construction consistent with its overriding purpose to protect franchisees." *Id.* at 1221 (citing *United States v. Bacto–Unidisk*, 394 U.S. 784, 798, 89 S.Ct. 1410, 1418, 22 L.Ed.2d 726 (1969)).

The general rule stated in § 2805(d)(1)(C) is that a prevailing franchisee "shall be entitled ... to reasonable attorney and expert witness fees." The circumstance in which the award of fees is in the court's discretion is stated as an exception to this general rule. 15 U.S.C. § 2805(d)(1)(C).[6] This exception should be construed narrowly.

A prevailing franchisee may receive three types of relief under § 2805: "actual damages" under § 2805(d)(1)(A), "exemplary damages" under § 2805(d)(1)(B), and "equitable relief," including injunctive relief, under § 2805(b). "Injunctive relief is an important part of the PMPA scheme, being specifically provided for in § 2805(b)." *Ketterle v. B.P. Oil, Inc.* 909 F.2d 425, 428 (11th Cir.1990) (quoting *Lyons v. Mobil Oil Corp.*, 554 F.Supp. 199, 201 (D.Conn.1982)).

In *Lyons v. Mobil Oil Corp.*, 554 F.Supp. 199 (D.Conn.1982), the franchisee, Lyons, sought a preliminary and permanent injunction prohibiting Mobil from terminating his franchise to operate a retail gasoline service station. The district court entered a judgment in favor of Lyons permanently enjoining Mobil from terminating Lyons' franchise. Lyons then sought attorney's fees and costs in connection with this litigation.

Mobil asserted that under the statute, the court has discretion to grant or deny such fees unless damages are awarded and those damages are more than nominal. They contended that since Lyons obtained only injunctive relief and no damages, the court should exercise its discretion to deny the franchisee the award of fees.

The court disagreed with this argument "because it [felt] that the import of § 2805(d)(1)(C) is that a prevailing party is entitled to reasonable attorney and witness fees unless the party obtains nothing more in relief than nominal damages, in which case fees would be discretionary." *Id.* at 201.

In this case, Jones did receive *other relief* beyond the nominal damages awarded by the jury. The district court acknowledged that the preliminary injunction was granted, but stated that this injunctive relief "merely maintained the status quo until the merits of the case could be determined by a jury and by the court." This is not completely accurate, though. At the time the preliminary injunction was granted Jones was still in possession of the premises but he could not operate the station as a viable business because he had no product to sell. The preliminary injunction restored Jones' supply of fuel, in substance putting him back in business.

In its Memorandum Opinion issued after the jury verdict, the district court declined to grant Jones a permanent injunction barring non-renewal of the franchise agreement. The court noted though, that the jury found that Crew violated the PMPA when it attempted to terminate the franchise agreement on the basis of the past due rent. The court held that Crew could *not now assert the past due rent as a basis* for terminating or non-renewing the franchise. While not denominated as such, this finding has the same practical effect as a permanent injunction against such a basis for termination or non-renewal.

It is clear then that Jones did not receive "only nominal damages," but also significant equitable relief which materially altered his legal relationship with Crew. The preliminary injunction allowed him to resume and maintain operation of the station through the pendency of the action, and the district court's ruling prevented Crew from terminating or non-renewing the franchise on the grounds originally asserted.

---

**6.** *Cf.* 42 U.S.C. § 1988 (where "the court, in its discretion, *may allow* the prevailing party, ... a reasonable attorney's fee) (emphasis added).

Therefore, we hold that Jones, as a prevailing franchisee under the PMPA who has received greater relief than "only nominal damages," is entitled to "reasonable attorney and expert witness fees" under 15 U.S.C. § 2805(d)(1)(C). However, we do not hold that any award of injunctive relief is sufficient to accord a franchisee "prevailing party" status or that all "prevailing" franchisees are *de facto* entitled to attorney and expert witness fees. Nor do we hold that a franchisee who obtains a "technical victory" coupled with injunctive relief which, considered on the whole, does not effect a "material alteration of the legal relationship of the parties" would be entitled to such fees. *See Farrar v. Hobby,* — U.S. ——, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).[7]

■ We note, however, that Jones is only entitled to the attorney and expert witness fees that relate to his PMPA claim. The Act does not entitle him to fees that arose from his state law claims and Jones bears the burden on remand of adequately supporting his claim for fees under the PMPA. *See Thelen Oil Co. v. Fina Oil & Chemical Co.,* 962 F.2d 821 (8th Cir.1992).

■ Jones' second issue on appeal is that the district court erred in not awarding him exemplary damages despite the fact that the jury awarded him only nominal compensatory damages on his PMPA claim. The PMPA provides that where appropriate, a franchisee may be entitled to exemplary damages "in the case of any such action which is based upon conduct of the franchisor which was in willful disregard of the requirements of [15 U.S.C. §§ 2802 or 2803], or the rights of the franchisee thereunder." 15 U.S.C. § 2805(d)(1)(B). "The question of whether to award exemplary damages ... shall be determined by the court and not by a jury." *Id.* § 2805(d)(2).

In determining that Crew had not acted in "willful disregard" of the Act, the district court cited the definition of "willfulness" adopted by the court in *Eden v. Amoco Oil Co.,* 741 F.Supp. 1192 (D.Md. 1990). The *Eden* court reviewed the definitions of "willfulness" used by the Supreme Court under other statutes and concluded that "willful disregard" as used in § 2805(d)(1)(B):

describes conduct that is pursued with a consciousness of wrongdoing or with a considered disregard to whether it violates the Act. It requires more than deliberate conduct that, in fact, violates the Act, so that an aspect of guilty knowledge or imputed guilty knowledge is required. As used in the Act, however, willfulness does not encompass a requirement of showing maliciousness in motive.

*Id.* at 1195. *See also Trans World Airlines, Inc. v. Thurston,* 469 U.S. 111, 125–28, 105 S.Ct. 613, 623–25, 83 L.Ed.2d 523 (1985) (construing "willfulness" under the Age Discrimination in Employment Act) and *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 133, 108 S.Ct. 1677, 1681, 100 L.Ed.2d 115 (1988) (construing "willfulness" under the Fair Labor Standards Act).

The district court below considered the evidence and specifically noted in its opinion that Crew sought legal advice regarding the attempted termination[8] and that the jury did find Jones liable for the back rent. The court then declined to award exemplary damages. We cannot say that this was error.

### III. Conclusion

For the reasons given above, we AFFIRM the district court's denial of exemplary damages to Jones. We REVERSE the decision of the district court to deny attorney and expert witness fees to Jones and REMAND the case to the district court

---

7. Another panel of this court, in *Ketterle v. B.P. Oil, Inc., supra,* held that the franchisee in that case, who had obtained only injunctive relief, was a "prevailing party." That opinion did not reach the question we answer here, however, a careful reading of *Ketterle* reveals that its reasoning is not inconsistent with our holding today.

8. We agree, though, with the *Eden* court that this fact alone does not "immunize" a franchisor's actions. *Eden,* 741 F.Supp. at 1196 (citing *Thurston,* 469 U.S. at 129, 105 S.Ct. at 625).

for further proceedings consistent with this opinion.