[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12690
_____

D.C. Docket No. 5:10-cv-00104-AKK

SILVADNIE QUAINOO,

Plaintiff-Appellee,

versus

CITY OF HUNTSVILLE, ALABAMA,

Defendant-Cross-Appellee,

JENNIFER DENISE WATKINS,
HUNTER J. ALDRIDGE,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Alabama
_____

(May 26, 2015)

Before HULL and BLACK, Circuit Judges, and ANTOON,[*] District Judge.

PER CURIAM:

In this 42 U.S.C. § 1983 case, following a jury trial, Defendants Jennifer Watkins and Hunter Aldridge appeal the district court's denial of their renewed motion for judgment as a matter of law or, in the alternative, for a new trial and the district court's award of attorney's fees to Plaintiff Silvadnie Quainoo. Plaintiff Quainoo cross-appeals the district court's denial of her renewed motion for judgment as a matter of law or, in the alternative, for a new trial. After review of the record and the parties' briefs, and with the benefit of oral argument, we find no reversible error in the district court's denial of the parties' motions for judgment as a matter of law or, in the alternative, for a new trial.

The parties raise only one issue that is worthy of discussion: whether the district court abused its discretion in awarding attorney's fees to Plaintiff Quainoo. For the reasons that follow, we cannot say that the district court abused its broad discretion in either the award or computation of attorney's fees. See Gray v. Bostic, 613 F.3d 1035, 1039 (11th Cir. 2010); Villano v. City of Boynton Beach, 254 F.3d 1302, 1304-05 (11th Cir. 2001).

To begin with, because Plaintiff Quainoo obtained a favorable verdict on her excessive force claim, she was a prevailing party and entitled to a reasonable

---

[*]Honorable John Antoon II, United States District Judge for the Middle District of Florida, sitting by designation.

2

award of fees and costs under 42 U.S.C. § 1988.  See Villano, 254 F.3d at 1304-05.[1]  We agree with the district court that Defendants' argument that Quanioo was not entitled to any attorney's fees—based on Farrar v. Hobby, 506 U.S. 103, 113 S. Ct. 566 (1992)—is misplaced.  "'When a plaintiff recovers only nominal damages because of [her] failure to prove an essential element of [her] claim for monetary relief, the only reasonable fee is usually no fee at all.'"  Gray, 613 F.3d at 1040 (quoting Farrar, 506 U.S. at 115, 113 S. Ct. at 575).

Here, however, Quainoo—who received $2,000 in compensatory damages and $2,000 in punitive damages—did not receive simply nominal damages.  First, a total of $4,000 in damages, while modest compared to the amount sought, far exceeded the damages amount ordinarily thought to be "nominal"—$1 or $100.  Compare, e.g., Bhogaita v. Altamonte Heights Condo. Ass'n, Inc., 765 F.3d 1277, 1291 (11th Cir. 2014) ("Bhogaita's award of $5,000 in compensatory damages represents relief, and, despite the Association's insistence otherwise, was not nominal."), with Jones v. Crew Distrib. Co., 984 F.2d 405, 407-09 (11th Cir. 1993) (describing damages of $1 as "nominal"), and KH Outdoor, LLC v. City of Trussville, 465 F.3d 1256, 1259 (11th Cir. 2006) (describing damages of $100 as "nominal"); see also Kyle v. Patterson, 196 F.3d 695, 697 (7th Cir. 1999)

---

[1]Defendants Watkins and Aldridge contend that Plaintiff Quainoo was not a prevailing party because they were entitled to judgment as a matter of law on her excessive force claim, but we have already concluded that the district court did not err in allowing the jury's verdict on the excessive force claim to stand.

3

("[N]ominal damages, of which $1 is the norm, are an appropriate means of vindicating rights whose deprivation has not caused actual, provable injury."); Black's Law Dictionary 473 (10th ed. 2014) (defining "nominal damages" as "[a] trifling sum awarded when a legal injury is suffered but there is no substantial loss or injury to be compensated").

Second, the Supreme Court in Farrar explained that a "plaintiff who seeks compensatory damages but receives no more than nominal damages" often is not entitled to attorney's fees despite being a prevailing party under § 1988. 506 U.S. at 115, 113 S. Ct. at 575. Quainoo, in contrast, did receive not only compensatory damages but also punitive damages, and the jury specifically found that Defendants Watkins's and Aldridge's actions, in subjecting Quainoo to excessive force, "were the proximate or legal cause of damages sustained by Quainoo." Cf. id. at 115, 113 S. Ct. at 575 ("In a civil rights suit for damages . . . the awarding of nominal damages . . . highlights the plaintiff's failure to prove actual, compensable injury.") Thus, the district court properly found that Quainoo was entitled to reasonable attorney's fees and costs.

As to the reasonableness of the fee award, Defendants do not dispute the district court's calculation of the lodestar—the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433-34, 103 S. Ct. 1933, 1939 (1983); Norman v. Hous. Auth. of City of

4

Montgomery, 836 F.2d 1292, 1299-1302 (11th Cir. 1988). Rather, Defendants contend that the district court was required to reduce the lodestar in proportion to the "partial and extremely limited" success achieved by Quainoo at trial.

We disagree. Because Quainoo's successful and unsuccessful claims were related, as they arose from a common core of facts, the district court was not required to reduce the lodestar. See Popham v. City of Kennesaw, 820 F.2d 1570, 1578-79 (11th Cir. 1987) (holding that, where claims "'involve a common core of facts' or are 'based on related legal theories,'" and "the plaintiff obtained only 'partial or limited success,' the court may reduce the lodestar amount if it believes that amount is excessive in relation to the plaintiff's relief" (emphasis added)). And, although the district court had the discretion to reduce the lodestar, Defendants have not shown that the district court abused its considerable discretion in refusing to do so. See Waters v. Int'l Precious Metals Corp., 190 F.3d 1291, 1293 (11th Cir. 1999) ("[U]nder the abuse of discretion standard of review there will be occasions in which we affirm the district court even though we would have gone the other way had it been our call. . . . [T]he abuse of discretion standard allows a range of choice for the district court, so long as that choice does not constitute a clear error of judgment.").[2]

---

[2]In the district court, Plaintiff Quainoo's attorney reduced his hours by the approximately 60 hours expended regarding the claims against Defendant City of Huntsville under Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658, 98 S. Ct. 2018 (1978). The district

5

The district court properly found that the modest money damages awarded by the jury should not receive undue emphasis considering the public interest benefited by Quainoo's vindication of her constitutional rights. See Villano, 254 F.3d at 1306. The weight given to these various considerations rested in the district court's discretion. See Popham, 820 F.2d at 1580. And we find no merit to Defendants' contention that the district court improperly considered, as to the public interest served by Quainoo's successful excessive force claim, the effect on the Huntsville Police Department's training and procedures regarding the use of pepper spray. Contrary to Defendants' suggestion that this was "an inappropriate attempt" to reinstate the already-dismissed City of Huntsville as a party to the case, the entire point of the public interest analysis is that a plaintiff's relief may have spillover benefits for non-parties. See id.

In sum, finding no reversible error in the district court's denial of the parties' motions for judgment as a matter of law or, in the alternative, for a new trial, and no abuse of discretion in the district court's award of attorney's fees to Plaintiff Quainoo, we affirm.

**AFFIRMED.**

---

court also excluded approximately $22,000 in fees for the hours expended by the second attorney for Plaintiff Quainoo in participating in the trial.